Susan Phillips Read, Esq.
30 Barnes Road
West Sand Lake, New York 12196
Tel (518) 248-0037
susanphillipsread@gmail.com


June 22, 2021

The Honorable Carol Bagley Amon
Unites States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Bob Baffert v The New York Racing Association*
      Case No. 1:21-cv-03329

Dear Judge Amon:

I represent The Jockey Club, and write to request permission to file an *amicus* brief on or before July 7, 2021 (1)  in opposition to Plaintiff Bob Baffert (Baffert)'s motion for preliminary injunction and (2)  in support of the action taken by Defendant The New York Racing Association (NYRA) on May 17, 2021 to temporarily suspend Baffert from entering racehorses in races conducted at NYRA's racetracks (Saratoga Race Course, Belmont Park and Aqueduct Racetrack), and from occupying stall space at these facilities.  For the reasons that follow, proposed *amicus* can provide the Court with a unique perspective and information to assist in deciding the pending motion for preliminary injunction.*

The Jockey Club, which received its certificate of incorporation from the State of New York in 1894, is the breed registry for all thoroughbreds in the United States, Canada and Puerto Rico.  Since its founding, The Jockey Club has been dedicated to the betterment of the breeding and racing of thoroughbred racehorses, focusing on improvements to the health and safety of the thoroughbred breed and

---

* Proposed *amicus* respectfully submits this letter pursuant to Your Honor's Individual Rules, which require communications with chambers to be in writing (Section 2.A), but do not otherwise address a request for permission to file an *amicus* brief.

The Honorable Carol Bagley Amon
June 22, 2021
Page 2 of 3

the integrity of the sport of horse racing.  The Jockey Club has long believed that horses must only race when they are free from the effects of medication, and vociferously advocated for passage of The Horseracing Integrity and Safety Act of 2020 (Consolidated Appropriations Act, 2021, Division FF, Title XII).  In general, this statute requires national, uniform safety standards that include anti-doping and medication control and racetrack safety programs.  The Jockey Club thus has a special interest in sharing with the Court its perspective regarding the deleterious effects of improper drug use on the health of horses, the thoroughbred racing industry and public trust in the honesty of competition.  Further, The Jockey Club, through its wholly-owned subsidiaries and Thoroughbred Safety Committee, has access to information not necessarily available to the parties.  As a result, we believe that we are in a unique position to assemble material to assist the Court with issues of irreparable injury, balance of hardships and the public interest.  The Jockey Club does not intend to duplicate the parties' legal arguments.

"'District Courts have broad discretion in deciding whether to accept *amicus* briefs,'" *Jamaica Hosp. Med. Ctr., Inc. v United Health Grp.*, 584 F Supp 2d 489, 497 (ED NY 2008) (quoting *Concerned Area Residents for the Environ. v Southview Farm*, 834 F Supp 1410, 1413 [WD NY 1993]).  "The main function of an *amicus* is to assist courts in reaching the correct decision in a case where the general public interest is at stake," *Muchmore's Café, LLC v City of N.Y.*, No. 14-cv-5668-RRM/RER (ED NY Jul. 15, 2018) at 3-4.  Moreover, "'[a]n *amicus* brief should normally be allowed . . . when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide,'" *Andersen v Leavitt*, No. 03-cv-6115-DRH/ARL (ED NY Aug. 13, 2007) at 4-5 (quoting *Ryan v Commodity Futures Trading Commn.*, 125 F3d 1062, 1063 [7th Cir 1997] [Posner, J.]); *see also Commonwealth of the N. Mariana Is. v United States*, 2009 WL 596986, *1 (D DC Mar. 6, 2009) ("The filing of an amicus brief should be permitted if it will assist the judge by presenting ideas, arguments, theories, insights, facts or data not to be found in the parties' briefs") (internal quotation marks omitted).

I have asked counsel for the parties to consent to The Jockey Club's submittal of an *amicus* brief in this case.  Defendant NYRA's counsel has consented; Plaintiff Baffert's counsel has not.

The Honorable Carol Bagley Amon
June 22, 2021
Page 3 of 3


In sum, The Jockey Club possesses a unique perspective on issues involved in this litigation and is in a position to supply information that should prove helpful to the Court in its decisionmaking. Accordingly, The Jockey Club requests permission to file an *amicus* brief in *Baffert v NYRA* on or before July 7, 2021.

Respectfully submitted,

Susan Phillips Read
(*pro hac vice* application pending)


cc:    All Counsel of Record
       (VIA ECF)