UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

BOB BAFFERT

                                        Plaintiff

v.

THE NEW YORK RACING ASSOCIATION, INC.

                                        Defendant

**AFFIRMATION OF ROBERT WILLIAMS**

Index No. 21 Civ. 3329

---

STATE OF NEW YORK    )
                              ss.:
COUNTY OF SCHENECTADY    )

      **ROBERT WILLIAMS**, under penalties of perjury, hereby affirms and states:

1. I am an attorney, duly admitted to the bar and licensed to practice law before the Courts of the State of New York.

2. I am currently employed by the N.Y.S. Gaming Commission as executive director. I have been employed by the Commission, or its predecessor authority, continuously since 1995, excepting for 2011 through 2013, when I was employed as Special Assistant Counsel in the Office of the Governor, and 2018 through 2019, when I served as Deputy Secretary for Gaming in the Office of the Governor. In both positions outside the Commission I worked on issues relating to racing and wagering.

3. I am familiar with the history, laws and regulations that govern horse racing in New York.

4. I make this affirmation in support of The New York Racing Association, Inc. of my own knowledge, based on records maintained by the Commission, and conversations with individuals presently and formerly employed by the Commission.

5. Present Commission Rule 4022.12 empowers the State Steward to exclude licensed individuals from thoroughbred race meetings. The rule also contains language providing that "Nothing in this section shall be construed to limit

1

any racing association or track licensee's power to exclude or deny any individual from its grounds or privileges thereon."

6. Stewards at thoroughbred racing associations have traditionally had the authority to impose a punishment of exclusion of a rule violator from the grounds, or any portion of such grounds, of the association conducting the race meeting. This has been true since at least 1952. See The Rules of Racing for Running Races and Race Meetings adopted March 29, 1951, and filed April 30, 1951 (pages 602-625, inclusive, seventh supplement) repealed January 9, 1952; filed January 25, 1952.

7. Independent of the rule, NYRA and its predecessor associations have traditionally exercised its rights of control by barring individuals from their racetracks. See Grannan v. Westchester Racing Assn. 153 N.Y. 449 (1897); Madden v Queens County Jockey Club, 296 N.Y. 249 (1947).

8. In 1970 NYRA denied thoroughbred trainer Howard Jacobson stall space at its tracks, virtually barring him from thoroughbred racing in the State.

9. Jacobson challenged NYRA's right to exclude, which NYRA ultimately prevailed. See Jacobson v. New York Racing Ass'n, Inc., 33 N.Y.2d 144 (1973).

10. In 1975, the decision of Halpern v. Lomenzo, 81 Misc.2d 467 (Sup. Ct. New York County, 1975), determined that only the steward appointed by the State had the constitutional authority to penalize licensees.

11. In November 1977, the Board proposed a change to the rule.

12. At the time of the rule proposal, an incident with thoroughbred veterinarian Mark Gerard was pending. Dr. Gerard challenged the Board's authority to punish a licensee. See Gerard Moves Against State, New York Times, Nov. 12, 1977 at Section S, Page 16.

13. It seems likely that the Board's amendment was carefully constructed to ensure only the State-appointed steward had authority to punish Board licensees, while explicitly recognizing the exclusionary rights of thoroughbred racetracks.

14. The current rule has largely been unchanged since 1978. The sole change since 1978 was to substitute the word "commission" for the word "board" in 2013 to reflect the statutory change that the "Gaming Commission" had replaced the "Racing and Wagering Board" as the regulatory agency for horse racing.

15. It is the Commission's continuing practice and policy to recognize that the State's thoroughbred racetracks have the authority to exclude individuals, subject to any due process rights otherwise afforded a licensee.

Dated:   June 29, 2021
         Schenectady, New York

*Robert Williams*
_____
ROBERT WILLIAMS, ESQ.