**WYATT**

WYATT, TARRANT & COMBS, LLP
250 West Main Street, Suite 1600
Lexington, KY 40507
859.233.2012
wyattfirm.com

W. Craig Robertson III
859.288.7667
wrobertson@wyattfirm.com

July 9, 2021

Honorable Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: Bob Baffert v. The New York Racing Association, Inc.,
      Case No. 1:21-cv-03329 (E.D.N.Y.)

Dear Judge Amon:

  I write on behalf of Plaintiff Bob Baffert ("Baffert"), under Rule 3.A of the Court's rules, to respond to the letter from the Defendant, The New York Racing Association, Inc. ("NYRA"), seeking a pre-motion conference in anticipation of NYRA moving to dismiss the Complaint in the above case. (ECF 19.) As summarized below, and for reasons set forth in Baffert's pending Motion for a Preliminary Injunction (*see* ECF 3, 22), NYRA's contemplated motion would be meritless.

**I. Background**

  Baffert is among the world's most highly decorated horse trainers. (ECF 1 ¶ 7.) He is licensed to train horses in New York, and has no history of any misconduct associated with his license. (*Id.* ¶ 50.) Baffert's license is regulated by the New York State Gaming Commission, which has the exclusive authority to discipline and suspend Baffert. (*Id.* ¶ 15 (N.Y. Racing Law § 104).)

  NYRA is a licensed entity that operates all major Thoroughbred race tracks in New York. (*Id.* ¶ 37.) NYRA is essentially an arm of New York state, because of New York's extensive control over its operations and finances. (*Id.* ¶¶ 10-14.)

  On May 1, 2021, a Baffert-trained Thoroughbred, MEDINA SPIRIT, won the Kentucky Derby. (*Id.* ¶ 17.) After the race, blood samples allegedly revealed trace amounts of an anti-inflammatory medication, betamethasone. (*Id.* ¶ 24.) Betamethasone is neither performance-enhancing nor prohibited. (*Id.* ¶ 27.) Instead, Kentucky's regulations state that an injection of betamethasone should not be given within 14 days of a race. (*Id.* ¶ 28.)

  Baffert denies wrongdoing, and believes there is a potential innocent explanation for the positive test, because MEDINA SPIRIT was treated with a topical cream that might have triggered the positive test, but which would not violate the rules related to injecting betamethasone. Proceedings and testing in Kentucky relating to the horse are ongoing. (*Id.* ¶ 31.)

  NYRA decided that it did not care where the facts may lead and, on May 17, 2021, unilaterally announced, without a shred of due process, that Baffert was suspended from all

ATTORNEYS AT LAW

Honorable Carol Bagley Amon
July 9, 2021
Page 2

NYRA tracks indefinitely. (*Id.* ¶ 33.) Given NYRA's monopoly over New York racing, this decision effectively amounts to a suspension of Baffert's license, without any of the procedures set forth by statute and regulation that are supposed to precede a suspension. (*Id.* ¶ 58.)

On June 14, 2021, Baffert moved for a preliminary injunction (ECF 3), and a hearing is scheduled for Monday, July 12, 2021. On July 6, 2021, while the motion was pending, NYRA filed a pre-motion letter in anticipation of moving to dismiss. (ECF 19.)

## II. Baffert Has Stated a Claim Under 42 U.S.C. § 1983

Baffert's § 1983 claim follows exactly the template the courts have repeatedly upheld. Specifically, "[t]he courts of New York have consistently found that the suspension of NYRA credentials implicates property interests" that "cannot be infringed by a state body, including the NYRA, without affording due process of law." *Galvin v. New York Racing Ass'n*, 70 F. Supp. 2d 163, 173 (E.D.N.Y. 1998). Among "the fundamental tenets of due process" is that "[a]bsent some exigency" or "circumstances that render a pre-deprivation hearing impossible as a practical matter," state actors must provide citizens the "opportunity to be heard *before* the state deprives an individual of life, liberty or property." *Patterson v. Coughlin*, 761 F.2d 886, 892 (2d Cir. 1985) (emphasis in original). Where pre-deprivation procedures are not practical, state actors must at least provide a "prompt post-deprivation hearing" that allows for a "real test" of whether the property deprivation is justified. *Krimstock v. Kelly*, 306 F.3d 40, 48 (2d Cir. 2002).

NYRA concededly provided *no process* before depriving Baffert of his protected property interests, and no procedure for a post-suspension hearing. NYRA made a perfunctory offer for Baffert to submit information within 7 days—well before the ongoing testing of Medina Spirit's samples could be complete—which obviously did not amount to any meaningful process.

NYRA's pre-motion letter argues that it had free reign to suspend Baffert because there was "probable cause" of wrongdoing. (ECF 19, at 2.) But the case NYRA cites, *Barry v. Barchi*, 443 U.S. 55 (1979), cuts *against* NYRA's position because it held that a horse trainer's suspension "was constitutionally infirm under the Due Process Clause" because the trainer was not "assured a prompt post-suspension hearing . . . that would proceed and be concluded without appreciable delay." *Id.* at 66. That is exactly what is missing here, too.[1]

NYRA next argues that § 1983 is inapplicable because NYRA is not a state actor. This position ignores the long and uninterrupted line of cases concluding otherwise. *Garcia v. New York Racing Ass'n, Inc.*, No. 1:10-cv-01092, 2011 WL 3841524, at *10 (N.D.N.Y. Aug. 29, 2011); *Galvin*, 70 F. Supp. at 173; *Saumell v. New York Racing Ass'n*, 58 N.Y.2d 231, 237 (1983); *Murphy*

---

[1] While the Supreme Court in *Barchi* observed that there were grounds for an interim suspension, the facts of Barchi were quite different. The trainer violated clear New York regulations, and the Gaming Commission's predecessor (not NYRA) suspended him under the letter of those regulations. 443 U.S at 60-65. Here, there are mere allegations of a *possible* violation in another jurisdiction—allegations that are a long way from being proven.

*v. New York Racing Ass'n*, Inc., 525 N.Y.S.2d 548, 551 (N.Y. Sup. Ct. 1988), *aff'd*, 537 N.Y.S.2d 259 (2d Dep't 1989); *Alvarez v. Hayward*, No. 1:06-CV-745, 2006 WL 2023002, at *3 (N.D.N.Y. July 18, 2006); *Stevens v. New York Racing Ass'n, Inc.*, 665 F. Supp. 164, 172 (E.D.N.Y. 1987). NYRA conceded the point in several prior cases, and its counsel in this case even argued that NYRA was a state actor as recently as 2013. (ECF 22-1, at Ex. 7, pg. 1; Ex. 8, at 2; Ex. 9, at 46 ("NYRA is a State actor") (all excerpts from *Wandering Dago Inc. v. New York State Office of Gen. Servs., et al.*, 1:13-cv-01053 (E.D.N.Y.).)

### III.     Baffert Has Stated a Claim for NYRA's Violations of New York Law

NYRA violated New York law, which grants the exclusive authority over license suspensions to the Gaming Commission (ECF 1 ¶¶ 88-90 (citing N.Y. Racing Law § 104; 9 NYCRR §§ 4002.1(a), 4022.12), and Baffert seeks a judicial declaration to that effect. (*Id.* ¶¶ 80-82.)

NYRA argues that there is no "private right of action" to enforce the statutes and regulations at issue (ECF 19, at 3), but that misunderstands Baffert's claims. Baffert is not trying to "enforce" a statute, rather Baffert is seeking a declaration that, by law, any suspension may be imposed *only* by the Gaming Commission. Regardless, if a private right of action is necessary, the Court can easily imply one under the governing standards because doing so "would promote the legislative purpose" and "would be consistent with the legislative scheme." *Sheehy v Big Flats Community Day, No. 100*, 541 N.E.2d 18, 20 (N.Y. 1989). For example, in *Molinari v. Bloomberg*, 596 F. Supp. 2d 546, 577 (E.D.N.Y. 2009), various New York City officials challenged a New York City law allowing Mayor Bloomberg, council members and others to serve for three terms instead of two. The plaintiffs argued that new law violated a conflict-of-interest provision of the City Charter, and Judge Sifton allowed for a private right of action because it "would promote the legislative purpose of promoting good government" and because the statutory enforcement structure (under which "Conflicts of Interests" Board recommends penalties for violations) would not be "prejudiced by a private right of action" that merely sought a declaratory judgment. *Id.* at 579. This same reasoning applies here.

### IV.     The Court Should Reject NYRA's Technical Defenses

NYRA argues that Baffert's claims for injunctive and declaratory relief are remedies, not independent cause of action. But, as Judge Rakoff has observed, that "is true but irrelevant"—the fact that a plaintiff chooses to plead a request for injunctive relief "as a separate claim rather than as a part of the prayer of relief in no way disentitles [the plaintiff] to seek injunctive relief." *Pace v. Schwartz*, 680 F.Supp.2d 591, 594 (S.D.N.Y. 2010). Dismissing these claims would therefore "prioritize formality over efficiency." *Kraatz v. USAA Casualty Ins. Co.*, 16-CV-00103, 2017 WL 876187, at *11 (W.D.N.Y. Mar. 6, 2017); *see also, e.g.*, NovaFund Advisors, LLC v. Capitala Group, LLC, 3:18-cv-102, 2020 WL 230089, at *5 (D. Conn. Jan. 15, 2020) (dismissing declaratory judgment claim insofar as it was a separate cause of action but noting that dismissal "will not preclude the Court from awarding declaratory relief").

Honorable Carol Bagley Amon
July 9, 2021
Page 4

                                                     Respectfully,

                                                   W. Craig Robertson III

cc:
| Charles Michael | Henry M. Greenberg | Susan Phillips Read, Esq. |
|---|---|---|
| Steptoe & Johnson, LLP | Greenberg, Traurig, LLP | 30 Barnes Road |
| 1114 Avenue of Americas | 54 State Street | West Sand Lake, NY 12196 |
| New York, NY 10036 | Albany, NY 12207 | |

Clark Brewster
Brewster & DeAngelis
2617 E. 21st
Tulsa, Oklahoma

100526518.2