

WYATT, TARRANT & COMBS, LLP
250 West Main Street, Suite 1600
Lexington, KY 40507
859.233.2012
wyattfirm.com

W. Craig Robertson III
859.288.7667
wrobertson@wyattfirm.com

Clerk's Office
Filed Date: 9/21/21

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

September 21, 2021

Honorable Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Bob Baffert v. The New York Racing Association, Inc.
Case No. 1:21-cv-03329 (E.D.N.Y.)

Dear Judge Amon:

On behalf of the Plaintiff, Bob Baffert ("Baffert"), I am writing pursuant to Section 3(A) of the Court's Motion Practices and Rules to advise of Baffert's intention to file a Motion to Hold the Defendant, The New York Racing Association, Inc. ("NYRA"), in Contempt and to Stay NYRA's Renewed Suspension Proceedings. As a result, I am hereby requesting a pre-motion conference.

[Handwritten annotation: Plaintiff is directed to file his Motion no later than 9/22/21 by 10:00 am. Defendant NYRA is directed to respond by 9/29/21. Argument on the motion will be held on 10/5/21 at 11:00 am. So Ordered s/Carol Bagley Amon]

## Background

On May 17, 2021, NYRA sent Baffert a letter stating that he was immediately and indefinitely suspended from entering horses in racetracks that NYRA operates, including Belmont Park, Saratoga Race Course, and Aqueduct Racetrack. NYRA offered three reasons for Baffert's suspension: (1) a decision made by Churchill Downs to suspend Baffert; (2) four alleged historical testing violations of Baffert trained horses in 2020 and 2021; and (3) Baffert's statements following the 2021 Kentucky Derby.

On June 14, 2021, Baffert brought this action pursuant to 42 U.S.C. § 1983 and New York State law alleging that: (1) NYRA lacked the legal authority to suspend him as that was tantamount to a suspension of his trainer's license – which could only be done by the New York Gaming Commission; (2) NYRA deprived Baffert of his right to due process guaranteed by the Fourteenth Amendment; and (3) NYRA's conduct unlawfully interfered with his client relationships. The same day, Baffert filed a Motion for a Temporary Injunction asking the Court to enjoin NYRA from enforcing its suspension pending the resolution of Baffert's claims in his Complaint.

On July 14, 2021, this Court entered an Order enjoining NYRA from enforcing its suspension. The Court directed that NYRA was enjoined "pending the final hearing and determination of this action." NYRA did not appeal the Court's ruling. Since the injunction, Baffert raced thoroughbreds at Saratoga Race Course multiple times—and even won the prestigious Grade I Ballerina Stakes—without incident.

Despite these facts, in direct contravention of this Court's Order, on September 10, 2021, NYRA sent Baffert another letter stating that it was instituting renewed proceedings to impose the exact same suspension which was enjoined. The reasons set forth in NYRA's September 10 letter for why it wants to suspend Baffert are the exact same ones set forth in its May 17 letter. The only thing different is that it appears that NYRA has concocted some procedures—apparently just for this case—in an attempt to retroactively install legitimacy to its blatantly unlawful actions. These "procedures" did not exist until

ATTORNEYS AT LAW



NYRA created them out of whole cloth two months after the Court refused to allow it to arbitrarily suspend Baffert, and at least *four months* after the conduct in question occurred.

In reality, the only difference between the original suspension letter (which has now been enjoined) and NYRA's latest suspension letter is the date on the letterhead. Until this litigation is concluded, NYRA cannot move forward with attempting to enforce a suspension against Baffert that is identical to the one which has been enjoined. NYRA should be found in contempt of this Court's injunction Order and NYRA's renewed effort to suspend Baffert should be stayed.

### Argument

A party who disagrees with a district court order is expected to still obey the order until it is modified or reversed. *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004). Under Second Circuit law, when a party fails to comply with a court order, it may be held in contempt if: (1) the order the contemnor failed to comply with is clear and unambiguous; (2) the proof of noncompliance is clear and convincing; and (3) the contemnor has not diligently attempted to comply in a reasonable manner. *Paramedics*, 369 F.3d at 655.

First, this Court's injunction order clearly and unambiguously held that NYRA's suspension of Baffert was improper. Importantly, NYRA was enjoined from enforcing its suspension of Baffert until the conclusion of the pending litigation. The Court also made it clear to NYRA in oral argument that it was "too late" to try to give Baffert an after-the-fact hearing to fix its errors. This is consistent with the ruling of other courts, addressing similar claims against NYRA, and holding that NYRA must honor the injunctive remedy until the case is concluded. See *Galvin v. New York Racing Association*, 70 F.Supp.2d 163, 179 (E.D.N.Y. 1998) (NYRA ordered to reinstate credentials of veterinarian "pending conclusion of this case"); *Alvarez v. Hayward*, 2006 WL 2023002 (N.D.N.Y. July 18, 2006) ("NYRA is enjoined, pending the resolution of this action, from barring Plaintiff from working at Saratoga Race Course"). NYRA cannot turn around and attempt to reissue the same suspension based on the same factual allegations—as it has explicitly stated it aims to do—when this Court has enjoined that very conduct.

There is nothing new which has transpired since NYRA was enjoined. No new facts, no new allegations. If anything, the facts have moved more solidly in Baffert's favor and toward maintaining the status quo as Baffert raced several horses at the recent Saratoga meet without incident.

Second, NYRA's latest letter to Baffert is clear and convincing evidence of noncompliance with the Court's Order. Because the Court's Order specifically referenced NYRA's May 17, 2021 letter, NYRA apparently thinks that it can simply re-date its letter and circumvent the Court's ruling. This is not the case. As the Southern District of New York held in *National Nutritional Foods Ass'n v. Novitch*, 589 F.Supp. 798 (S.D.N.Y. 1984), "Promulgation by an administrative agency, without the receipt of new evidence, of an order which can be equated to an earlier order, enforcement of which has been enjoined, violates injunction entered against the first order, and thus enforcement of the later promulgated order may be



enjoined without reconsideration of the merits of the injunction." NYRA's conduct is simply a repackaged version of the same action already enjoined.

Third, under no circumstances can NYRA's actions be seen as an attempt to comply with the Court's Order. To the contrary, every action NYRA has taken has been in defiance of the Court's Order. Baffert has demonstrated all three prongs of Civil Contempt and is entitled to an Order from this Court holding NYRA responsible for its unlawful conduct.

It should also be noted that Baffert has challenged whether NYRA has the legal authority to suspend him. Baffert has contended that any suspension by NYRA is "tantamount" to a suspension of his trainer's license issued by the Gaming Commission and that NYRA cannot usurp the authority of the Gaming Commission. That issue is squarely before the Court and has yet to be finally decided. This is another reason why NYRA cannot plow forward ignoring not only the Court's Orders, but also the important legal issues that have yet to be decided by this tribunal.

Lastly, the procedures which NYRA has concocted for Baffert were all created after the fact. None of the "rules" which NYRA now seeks to enforce were in place at the time that Baffert engaged in the conduct which NYRA contends is improper. Fair warning is a hallmark of due process. "A fundamental principle in our legal system is that laws which regulate persons or entities must give fair notice of conduct that is forbidden or required." *FCC v. Fox Television Stations, Inc.*, 567 U.S. 239, 253 (2012). Baffert has a right to know—ahead of time—that his conduct *unrelated to New York racing rules and regulations* occurring *in other jurisdictions,* may cause him to face penalties *from NYRA.* NYRA cannot create rules after the fact and apply them to Baffert.

Baffert has a final draft of this Motion ready to be filed. NYRA has indicated that it plans to move forward with its renewed efforts to suspend him on October 11, 2021. If NYRA does not voluntarily agree to hold off on such efforts until this Motion can be fully briefed and decided by the Court, Baffert will have no choice but to come back before the Court seeking emergency relief.

Sincerely,

*[signature]*

W. Craig Robertson III

WCR/sr
cc: All Counsel of Record
(VIA ECF)

100585174.1