# EXHIBIT C



# HEARING RULES AND PROCEDURES

## § 1    Applicability

Except as otherwise provided for herein, these Hearing Rules and Procedures are applicable in cases where it has been resolved by the Racing Committee of the Board of Directors of The New York Racing Association, Inc. ("NYRA") that: (a) a person licensed by the New York State Gaming Commission is or has engaged in conduct in any jurisdiction that is potentially injurious to the health or safety of horses or riders, or otherwise detrimental to the best interests of the sport of Thoroughbred racing; and (b) where such conduct warrants revocation or suspension of their right to access, or engage in any activity at, a NYRA Racetrack.

## § 2    Definitions

Whenever used in these procedures:

(a)   "Board of Directors" means the Board of Directors of NYRA established pursuant to Racing Law § 207.

(b)   "The New York State Gaming Commission" or "Gaming Commission" is the government agency that, among other things, oversees Thoroughbred racing in New York State.

(c)   "Hearing Officer" means the person designated by NYRA for the purpose of conducting or participating in an impartial hearing.

(d)   "Licensee" means a current Gaming Commission license holder.

(e)   "NYRA" means The New York Racing Association, Inc.

(f)   "NYRA Racetrack" means Aqueduct Racetrack, Belmont Park Racetrack or Saratoga Race Course.

(g)   "NYRA staff" means those NYRA personnel participating in the hearing, but does not include the Hearing Officer, Panel or any individual advising them.

(h)   "Panel" means persons appointed by NYRA's President to perform the functions described herein.

(i)   "Pleadings" means the notice of hearing and the respondent's written answer.

(j)   "President" means the president of NYRA or their duly authorized



EXHIBIT C



representative.

(k) "Procedures" means the rules and procedures set forth herein.

(l) "Racing Committee" means the committee of NYRA's Board of Directors established pursuant to Racing Law § 207.

(m) "Racing Law" means the New York State Racing, Pari-Mutuel Wagering and Breeding Law, and any and all regulations and rules promulgated thereunder or in connection therewith.

(n) "Record" means the stenographic transcript of the hearing, or if the hearing is recorded, a copy of the tape, or a transcript of the recording, and any accompanying exhibits.

## § 3  Notice of Hearing

(a) NYRA shall commence a proceeding under these procedures by issuing a notice of hearing.

(b) The notice of hearing shall include:

(1) the time, place and date for the hearing;

(2) a statement of the charge or charges against the respondent and proposed penalty being sought; provided, however, that nothing shall preclude the consideration at the hearing of relevant issues not raised in the notice, in a manner consistent with respondent's right to respond to such issues;

(3) the name of the Hearing Officer designated to conduct the hearing; and

(4) a statement informing the parties of the right of each party to be represented by counsel, to testify, to produce witnesses, to present documentary evidence, and to examine opposing witnesses and evidence.

(c) The notice of hearing shall be personally served, by certified or registered mail, on the respondent, with a copy to the Hearing Officer, at least fourteen (14) days prior to the date of the hearing. If the respondent is represented by counsel, the notice of hearing may also be served on the respondent's counsel.



## § 4 Answer

(a) Within five (5) business days after service of the notice of hearing, the respondent shall serve a written answer.

(b) The answer shall include:

   (1) the respondent's address, telephone number and, if made by an attorney, the name, firm name, if applicable, address and telephone number of said attorney;

   (2) a separate and specific response to each and every particular charge in the notice of hearing or a denial of any knowledge or information thereof sufficient to form a belief as to such particular; and,

   (3) any matter constituting an affirmative defense.

(c) The answer shall be served on NYRA or NYRA's counsel noted in the hearing notice, if applicable, with a copy to the Hearing Officer.

(d) A failure to timely serve an answer shall be deemed an admission to the charge or charges set forth therein and the Hearing Officer will have the right to issue a default judgement against the respondent.

## § 5 Amendment of Pleadings

Provided there is no substantial prejudice to any other party, any party may amend or supplement a pleading either (a) as of right at any time prior to the commencement of the hearing, or (b) by leave of the Hearing Officer.

## § 6 Service of Papers

All notices and papers connected with a hearing, may be served by email on NYRA's counsel and on the respondent's counsel, if represented. If NYRA or the respondent are not represented, all notices and papers connected with a hearing may be served by email on NYRA's General Counsel or respondent.

## § 7 Adjournment

A request for an adjournment of the hearing shall be in writing and submitted to the Hearing Officer and other parties prior to the hearing. Adjournments shall be granted only by the Hearing Officer, and only after the Hearing Officer has consulted with both parties. When granted, adjournments should be to a specified time, day and place.



### § 8 Disclosure

(a) Any party may, upon written demand and at least seven (7) days prior to the hearing, require disclosure of the evidence that the other party intends to introduce at the hearing, including documentary evidence and identification of witnesses; provided, however, that a party shall not be required to disclose information or material otherwise protected by law from disclosure, including information and material protected because of privilege or confidentiality. If, after such disclosure, a party determines to rely upon other witnesses or information, the party shall, as soon as practicable, supplement its disclosure by providing the names of such witnesses or the additional documents.

(b) If a party fails to disclose evidence sought pursuant to subdivision (a) of this section, the Hearing Officer may, in the Hearing Officer's discretion, impose non-monetary sanctions, which may include preclusion of said evidence from introduction at the hearing.

### § 9 Stipulations

Parties may enter into a stipulation for the resolution of any or all issues. Where a stipulation is reached on all charges the hearing will be canceled and no action of the Panel will be required.

### § 10 Hearing Officer

(a) The Hearing Officer shall conduct the hearing in a fair and impartial manner.

(b) The Hearing Officer shall have the power to:

(1) rule upon requests, including all requests for adjournments;

(2) set the time and place of hearing, recesses and adjournments;

(3) administer oaths and affirmations;

(4) summon and examine witnesses, including the authority to direct a party toappear and to testify;

(5) order that opening and closing statements be made;

(6) admit or exclude evidence;

(7) allow oral argument, so long as it is recorded;
(8) issue orders limiting the length of cross-examination, size of briefs



andother similar matters;

(9) order the parties to appear for a prehearing conference to consider matters that may simplify the issues or expedite the proceeding; and,

(10) do all acts and take all measures necessary for the maintenance of order andthe efficient conduct of the hearing.

(c) The Hearing Officer shall not have the power to:

(1) remove testimony from the transcript by deletion, expungement or otherwise; or

(2) dismiss charges unless otherwise authorized by designation.

## § 11 Conduct of the Hearing

(a) The Hearing Officer shall regulate the course of the hearing, set the time and place for continued hearings and designate the time for the filing of briefs and other documents.

(b) The Hearing Officer shall not be bound by technical rules of evidence or procedure. The Hearing Officer shall conduct the hearing in such order and manner as they deem appropriate to ascertain the substantial rights of the parties. All parties shall be accorded full opportunity to present evidence and written and oral argument, provided, however, that the Hearing Officer may preclude or limit irrelevant or unduly repetitious, tangential or speculative testimony, argument or cross-examination.

(c) All testimony shall be under oath or by affirmation.

(d) Any party may appear in person or be represented by an attorney. The Hearing Officer may examine the parties and their witnesses. Any party shall have the right to call witnesses and examine and cross-examine other parties and their witnesses.

(e) The Hearing Officer may direct the parties to appear and confer to consider the simplification or settlement of the issues by consent of the parties.

## § 12 Burden of Proof and Standard of Proof

(a) Burden of Proof.
(1) Except where otherwise provided, NYRA bears the burden of proof on all charges and matters which it affirmatively asserts.



(2) The respondent bears the burden of proof regarding all affirmative defenses.

(b) <u>Standard of Proof</u>. Whenever factual matters are involved, the party bearing the burden of proof must sustain that burden by a preponderance of the evidence unless a higher standard has been established by applicable law.

## § 13 Record of the Hearing

(a) Testimony given and other proceedings at a hearing shall be recorded verbatim. For this purpose and consistent with respondent's rights, the Hearing Officer may use whatever means the Hearing Officer deems appropriate, including but not limited to the use of stenographic transcriptions or recording devices. At the Hearing Officer's discretion, part or all of the transcripts may also be required in electronic or other form.

(b) A copy of a Record of the hearing will be available to any party upon request to the stenographer or NYRA, as appropriate, and upon payment of the fees allowed by law.

## § 14 Hearing Report

(a) Following the conclusion of the hearing or any default judgements, the Hearing Officer shall issue a report ("Hearing Report"), in writing, and submit it to the Panel and all parties. A copy of the Record of the hearing shall accompany the Hearing Report provided to the Panel.

(b) The Hearing Report shall contain findings of fact, conclusions and a recommended disposition. If the Hearing Officer finds that revocation or suspension of the respondent's right to access, or engage in any activity, at a NYRA Racetrack is warranted, the Hearing Report shall state the length of time that the revocation or suspension shall be in effect.

## § 15 Filing of Exceptions

(a) Within seven (7) days after the issuance of the hearing report any party may submit exceptions thereto to the Panel ("the "Exception Period").

(b) The exceptions may include:

(1) the particular findings of fact, conclusions or recommendations with which the party disagrees and the reasons for such disagreement;



    (2)    general comments on the suitability of the hearing report; and

    (3)    alternative proposed findings of fact, conclusions or disposition for consideration and adoption by the Panel.

(c)    A party shall send a copy of its exceptions to all other parties or their attorneys and the Hearing Officer.

(d)    The opportunity to submit exceptions may be waived by such party.

(e)    On notice to all parties, any party may request the Panel to extend the Exception Period. The Panel shall only address a request for an extension that has been made prior to the expiration of the Exception Period and after giving all other parties an opportunity to state their position on the request. The Exception Period may be extended by the Panel at the request of either party, for good cause shown. Extensions of time shall not be granted to allow a party to respond to exceptions already filed by another party.

(f)    All exceptions shall be submitted to the Panel with the Record of the hearing.

§ 16    **Final Decision**

(a)    After receipt of the Hearing Report, Record of the hearing and, if applicable, any exceptions filed during the Exception Period, the Panel shall review all such materials.

(b)    The Panel shall have discretion to adopt, modify or reject any or all of the Hearing Officer's report including, but not limited to, the appropriate disposition of the proceeding.

(c)    After completing its review of the matter, which review period shall not exceed ten (10) days after the close of the Exception Period, unless extended by the Panel upon notice to all parties, the Panel will issue a final decision that will include a statement setting forth the facts which form the basis thereof.

(d)    A copy of the final decision shall be served on the parties in the same manner as provided in § 3(c) above.

(e)    The Panel's final decision shall take effect immediately.

(f)    There shall be no administrative appeal within NYRA of the Panel's final decision.