UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BOB BAFFERT,

        *Plaintiff*,

v.

THE NEW YORK RACING ASSOCIATION, INC.,

        *Defendant*.

Civil Action No. 1:21-cv-03329-CBA-RML

# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND EXPENSES

GREENBERG TRAURIG, LLP
54 State Street, 6th Floor
Albany, New York 12207
(518) 689-1400

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

September 27, 2021

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ..........................................................................................1

BACKGROUND ..................................................................................................................2

ARGUMENT ........................................................................................................................4

I.     PLAINTIFF'S MOTION IS PREMATURE. ..............................................................4

II.    SPECIAL CIRCUMSTANCES EXIST RENDERING AN AWARD OF FEES AND EXPENSES UNWARRANTED. ......................................................................5

III.   UNDER THE PARTICULAR CIRCUMSTANCES OF THIS CASE, PLAINTIFF'S REQUESTED FEES AND EXPENSES ARE DISPROPORTIONATELY HIGH. ..............................................................................9

CONCLUSION ...................................................................................................................13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anderson v. Cty. of Suffolk*,
    No. cv 09-1913, 2016 WL 1444594 (E.D.N.Y. Apr. 11, 2016) ..........................9, 12

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*,
    522 F.3d 182 (2d Cir. 2008) ...........................................................................9

*Avedana v. Casa Ofelia's Bakery LLC*,
    No. cv 20-2214, 2021 U.S. Dist. LEXIS 158226 (E.D.N.Y. Aug. 19, 2021) ............9

*Barfield v. N.Y. City Health & Hospitals Corp.*,
    537 F.3d 132 (2d Cir. 2008) ..........................................................................12

*Blum v. Stenson*, *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)465 U.S. 886,
    895 n.11 (1984) ..........................................................................................10

*Brown v. Green 317 Madison, LLC*,
    No. 11-cv-4466, 2014 WL 1237448 (E.D.N.Y. Feb. 4, 2014) ...............................10

*Caban v. Emp. Sec. Fund of the Elec. Prods. Indus. Pension Plan*,
    No. 10-cv-389, 2015 WL 7454601 (E.D.N.Y. Nov. 23, 2015) ..............................12

*Cho v. Koam Med. Servs. P.C.*,
    524 F. Supp. 2d 202 (E.D.N.Y. 2007) ..............................................................11

*City of Riverside v. Rivera*,
    477 U.S. 561, 576-78 (1986) ...........................................................................7

*Cleanup N. Brooklyn by Chantrtanapichate v. Brooklyn Transfer LLC*,
    373 F. Supp. 3d 398 (E.D.N.Y. 2019) (Gershon, J.) ...........................................11

*Farbotko v. Clinton Cty.*,
    433 F.3d 204 (2d Cir. 2005) ......................................................................9, 10

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983) .......................................................................................5

*Homeaway.com, Inc. v. City of N.Y.*,
    No. 18 Civ. 7742, 2021 WL 791232 (S.D.N.Y. Mar. 1, 2021) ................................7

*Indep. Inst. v. Buescher*,
    No. 10-cv-00609, 2010 WL 3632191 (D. Colo. Sept. 10, 2010) .............................4

*Kassim v. City of Schenectady*,
    415 F.3d 246 (2d Cir. 2005)......................................................................................6

*Kerr v. Quinn*,
    692 F.2d 875 (2d Cir. 1982).............................................................................5, 6, 7

*Martinez v. City of N.Y.*,
    330 F.R.D. 60 (E.D.N.Y. 2019)...............................................................................10

*Oneida Indian Nation of N.Y. v. City of Sherrill, N.Y.*,
    145 F. Supp. 2d 226 (N.D.N.Y. 2001).....................................................................7

*Raishevich v. Foster*,
    247 F.3d 337 (2d Cir. 2001).............................................................................5, 6, 7

*Safeco Ins. Co. of Am. v. M.E.S., Inc.*,
    No. 09-cv-3312, 2018 WL 2766139, at *7 (E.D.N.Y. June 8, 2018) ........................9

*Safeco Ins. Co. of Am. v. M.E.S., Inc.*,
    790 F. App'x 289 (2d Cir. 2019) ..............................................................................9

*Simmons v. N.Y. City Transit Auth.*,
    575 F.3d 170, 175-76 (2d. Cir. 2009) ......................................................................9

*Sole v. Wyner*,
    551 U.S. 74 (2007)....................................................................................................4

*Syrnik v. Polones Constr. Corp.*,
    No. 11 Civ. 7754, 2012 WL 4122801 (S.D.N.Y. Sept. 19, 2012) ............................5

*Trinidad v. Pret a Manger (USA) Ltd.*,
    12-cv-6094, 2014 WL 4670870 (S.D.N.Y. Sept. 19, 2015) ...................................12

*Turner v. Anderson*,
    No. 15-cv-827, 2018 WL 3028620 (D.N.M. June 18, 2018) (finding § 1988
    motions for fees and costs "premature" where "no final judgment has been
    entered")....................................................................................................................4

*Zarcone v. Perry*,
    581 F.2d 1039 (2d Cir. 1978), *cert. denied*, 439 U.S. 1072 (1979)......................6, 8

**Statutes**

42 U.S.C. § 1988....................................................................................................................5

**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 54...................................................................................................................1

**Other Authorities**

Tim Sullivan, *As Bob Baffert's Derby Case Drags on, Judge Says Racing Commission "in Driver's Seat,"* Louisville Courier Journal (Aug. 9, 2021) ............................. 7

Defendant The New York Racing Association, Inc. ("NYRA") respectfully submits this memorandum of law in opposition to Plaintiff Bob Baffert's ("Plaintiff") motion for attorneys and paralegals' fees and expenses, pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 54.

**PRELIMINARY STATEMENT**

On May 17, 2021, NYRA made the decision to temporarily suspend Plaintiff from entering races and occupying stall space at NYRA-operated racetracks (collectively, "the Racetracks"). In response to the suspension, Plaintiff moved for an order to preliminarily enjoin NYRA from enforcing the May 17, 2021 suspension. Following approximately one month of litigation regarding Plaintiff's request for preliminary relief, the Court granted Plaintiff's preliminary injunction, finding it likely that Plaintiff could prevail that NYRA did not give Plaintiff adequate pre-suspension process, but, at the same time, concluding that it was unlikely "that [Plaintiff] will be able to prevail on his claim that NYRA had no legal authority to take the action that it did." (Mem. & Order Granting Mot. Prelim. Inj. ("July 14, 2021 Order") at 15 (ECF No. 26).) Following the Court's decision, Plaintiff moved for an award of $162,086.31, consisting of $159,419.00 for the fees billed by his six lawyers and two paralegals, and expenses of $2,667.31, over the course of the month-long preliminary injunction litigation as well as the following weeks preparing this motion.

As a threshold matter, Plaintiff's motion is premature because, while this Court granted preliminary relief in the July 14, 2021 Order, there has been no final determination of this matter. The judicial economy of deferring consideration of Plaintiff's motion until his claim is resolved is underscored by Plaintiff's separate request for attorneys' fees and expenses on September 22, 2021 in connection with his motion to hold NYRA in civil contempt. Though Plaintiff's contempt motion is unfounded and will be the subject of separate briefing, seriatim fee litigation will only cause additional fees to accrue and impose undue burden on both the parties and the Court.

Accordingly, NYRA respectfully submits that a motion for an award of attorneys' fees should be made, if appropriate, and decided after the conclusion of the entire action.

Even if the Court entertains Plaintiff's motion at this time, special circumstances make an award of fees unwarranted. The fee shifting provision of 42 U.S.C. § 1988 was intended to incentivize attorneys to represent individual civil rights plaintiffs that might otherwise be unrepresented and therefore have their rights go unvindicated. Because no such concern is implicated here, it is within the Court's discretion to deny an award of fees. Plaintiff, the most prominent trainer in Thoroughbred racing, can afford to pay his lawyers and would have brought this action regardless of whether he could obtain an award of attorneys' fees. An award of attorneys' fees would be particularly unjust, given the vital interests NYRA seeks to promote, and NYRA's status as a not-for-profit corporation.

Finally, Plaintiff's requested fees and costs associated with the work of lawyers' and paralegals' fees from law firms in three separate states is, under the particular circumstances of this case, disproportionately high and in excess of what courts in this District have deemed reasonable. Accordingly, even if a fee award is granted, which it should not be, this Court should exercise its discretion to substantially reduce any award.

## BACKGROUND

Plaintiff is a thoroughbred racehorse trainer licensed to train horses in, among other places, New York State. (Compl. ¶¶ 8, 50 (ECF No. 1).) Between 2020 and 2021, three state racing regulators found that Plaintiff committed four drug testing violations. (Compl. Ex. A (ECF No. 1-1).) In the wake of those violations, Plaintiff entered a horse he trained, Medina Spirit, in the Kentucky Derby, which was held on May 1, 2021 at Churchill Downs Race Track. (Compl. ¶ 17.) Although Medina Spirit finished first in that race, (*id.*), drug testing from post-race blood samples revealed that Medina Spirit tested positive for betamethasone (*id.* ¶ 24). On May 9, 2021, Churchill

Downs suspended Plaintiff from entering horses at its racetrack pending further investigation. (Compl. Ex. A.)

By letter dated May 17, 2021, NYRA notified Plaintiff that it was temporarily suspending him from entering or stabling horses at the Racetracks. (*Id.*) NYRA's letter cited Plaintiff's four other drug testing violations in the past year, the positive test following the Kentucky Derby, Plaintiff's contradictory statements attempting to explain the positive test, and Plaintiff's temporary suspension from Churchill Downs. (*Id.*) Given these considerations, NYRA explained that temporarily suspending Plaintiff from entering or stabling horses at the Racetracks was in the "best interest[] of thoroughbred racing" and that, to do otherwise, "would compromise NYRA's investment in its operations as well as the public's perception of thoroughbred racing generally." (*Id.*)

On June 14, 2021, Plaintiff commenced this action and moved for an order to preliminarily enjoin NYRA from enforcing the suspension it initiated on May 17, 2021. (Compl.; Mot. for Prelim. Inj. (ECF No. 3).) In connection with briefing the motion for a preliminary injunction, Plaintiff submitted four affidavits and two declarations, and Defendant submitted an affidavit, two declarations and an affirmation in support of their respective positions, though the parties have not conducted any discovery. (ECF Nos. 3-2, 3-3, 3-4, 18-1, 18-2, 18-3, 18-4, 22-1.) Argument was held on the motion for preliminary relief on July 12, 2021, less than a month after Plaintiff initiated this action. This Court granted Plaintiff's motion for a preliminary injunction finding that Plaintiff's due process rights entitled him to a pre-suspension hearing or, at least, a prompt post-suspension hearing. (July 14, 2021 Order at 1.) However, the Court recognized that Plaintiff was unlikely to succeed on his argument that NYRA lacked legal authority to suspend him under its

common law right of exclusion. (*Id.* at 13-15.) Plaintiff subsequently filed this motion for fees and costs. (Mot. for Attorneys' Fees and Costs (ECF No. 30).)

## ARGUMENT

### I. PLAINTIFF'S MOTION IS PREMATURE.

Plaintiff concedes, as he must, that a final judgment has not yet been entered in this proceeding and that his § 1983 claim has not been fully litigated or finally determined on the merits, but incorrectly asserts that "[c]ourts in this Circuit have routinely awarded fees in similar situations." (*See* Mem. of Law in Supp. of Mot. for Att'y' Fees and Costs ("Pl.'s Mem.") at 7 n. 3 (ECF No. 30-1)). In contrast with the cases upon which Plaintiff relies, where the relevant claims have been mooted or fees were in fact found to be premature, Plaintiff's claim remains ripe. (*See id.*) In fact, in order to ultimately prevail on his § 1983 claim, Plaintiff will need to engage in further motion practice (*e.g.*, summary judgment), robust discovery, and a potential trial to adjudicate the claim that he suffered actual damages. In other words, Plaintiff is seeking over $160,000 in attorneys' fees and expenses where only interim relief — which may be modified or reversed when the issues are fully litigated — has been granted.

Numerous courts have rejected requests for attorneys' fees predicated on preliminary injunction orders at this early stage. *See, e.g.*, *Sole v. Wyner*, 551 U.S. 74, 84 (2007) ("[A preliminary injunction's] tentative character, in view of the continuation of the litigation to definitively resolve the controversy, would have made a fee request at the initial stage premature."); *Turner v. Anderson*, No. 15-cv-827, 2018 WL 3028620, at *1 (D.N.M. June 18, 2018) (finding § 1988 motions for fees and costs "premature" where "no final judgment has been entered"); *Indep. Inst. v. Buescher*, No. 10-cv-00609, 2010 WL 3632191, at *1-2 (D. Colo. Sept. 10, 2010) (holding that an award of attorneys' fees under § 1988 is premature until a full adjudication on the merits where only a preliminary injunction had been issued because plaintiffs

sought an ongoing injunction). Consistent with these cases, as a prudential matter, and in the interest of conserving judicial resources by avoiding piecemeal requests for attorneys' fees, Plaintiff's motion should be denied pending final resolution of this action.

## II. SPECIAL CIRCUMSTANCES EXIST RENDERING AN AWARD OF FEES AND EXPENSES UNWARRANTED.

"The purpose of § 1988 is to ensure 'effective access to the judicial process' for persons with civil rights grievances." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (quoting H.R. Rep. No. 94-1558, p. 1 (1976)). However, not every adverse judgment warrants the imposition of attorneys' fees. While district courts have wide discretion to award reasonable attorneys' fees to prevailing parties in vindication of constitutional or civil rights, a request should be rejected where, as here, special circumstances exist that would render such an award unjust. *See Raishevich v. Foster*, 247 F.3d 337, 344 (2d Cir. 2001) (explaining that although a district court typically has wide discretion in choosing whether to allow an award of attorneys' fees, such discretion "is narrowed by a presumption that successful civil rights litigants should ordinarily recover attorney's fees unless special circumstances render such an award unjust.").

Indeed, § 1988's fee shifting provision — subdivision (b) — was enacted as a mechanism to attract attorneys to vigorously represent plaintiffs in attempts to vindicate constitutional or civil rights violations, "which might otherwise be abandoned because of the financial imperatives surrounding the hiring of competent counsel." *Id.* (quoting *Kerr v. Quinn*, 692 F.2d 875, 877 (2d Cir. 1982)). Where, however, a plaintiff's potential claims would attract competent counsel without such statutory encouragement, an award of attorneys' fees becomes superfluous and such a request should be rejected. *See Syrnik v. Polones Constr. Corp.*, No. 11 Civ. 7754, 2012 WL 4122801, at *4 (S.D.N.Y. Sept. 19, 2012) (Forrest, J.) ("Where this incentive is unnecessary . . .

then the Court may deny fees if 'an award of such fees might work an injustice.'") (quoting *Raishevich*, 247 F.3d at 345).

District courts employ a two-step analysis to determine "whether special circumstances make it appropriate to deny attorneys' fees." *Raishevich*, 247 F.3d at 344. The threshold inquiry analyzes whether "counsel in similar cases could be easily and readily retained" in light of the strength of the plaintiff's claim and likelihood of a substantial judgment. *Id*. at 344 (quoting *Kerr*, 692 F.2d at 877). Specifically, a district court "must determine whether attorneys who generally take such cases on a contingent basis would readily appreciate the value of the case and agree to pursue it." *Kerr*, 692 F.2d at 878. This is an objective analysis, which turns on the "likely response of the bar . . . in light of the posture of the case at the time counsel is sought, not in the light of hindsight." *Id.*. When private attorneys can be attracted on a contingency fee basis, "the underlying rationale of [awarding attorneys' fees] . . . may be inapplicable since no financial disincentive or bar to vigorous enforcement of civil rights may exist." *Id.* (quoting *Zarcone v. Perry*, 581 F.2d 1039, 1044 (2d Cir. 1978), *cert. denied*, 439 U.S. 1072 (1979)); *see also Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005) (citing *City of Riverside v. Rivera*, 477 U.S. 561, 576-78 (1986) (plurality opinion)) ("[Section] 1988 was enacted in part to secure legal representation for plaintiffs whose constitutional injury was too small, in terms of expected monetary recovery, to create an incentive for attorneys to take the case under conventional fee arrangements.").

If the first part of the analysis is satisfied, a district court "may use its discretion to deny fees if, 'in light of all of the circumstances and the size of recovery, an award of such fees might work an injustice.'" *Raishevich*, 247 F.3d at 344-45 (quoting *Kerr*, 692 F.2d at 878). "Where an award of counsel fees would be something of a windfall to a plaintiff and a significant penalty to

a defendant, such an award may be denied." *Kerr*, 692 F.2d at 878. Under the second prong, courts consider "the award of punitive damages, the amount of compensatory award, the degree and measurability of the harm to the plaintiff, and the public interest in the particular claim." *Raishevich*, 247 F.3d at 345.

Here, special circumstances warrant the denial of a fee award. *First*, this is not a case where fee-shifting was or is necessary to incentivize attorneys to represent Plaintiff. It is indisputable that Plaintiff could pay for his own counsel. Plaintiff's civil rights claim would not have been abandoned absent the prospect of recovery of a statutory attorneys' fee award. *Oneida Indian Nation of N.Y. v. City of Sherrill, N.Y.*, 145 F. Supp. 2d 226, 265 (N.D.N.Y. 2001) (citing *Kerr*, 692 F.2d at 877) (reasoning the strengths of the claim, significance of underlying subject matter and financial resources of plaintiff warranted finding of special circumstances), *aff'd*, 337 F.3d 139 (2d Cir. 2003), *rev'd and remanded on other grounds sub nom.*, *City of Sherrill, N.Y. v. Oneida Indian Nation of N.Y.*, 544 U.S. 197 (2005). Moreover, the prospect of damages keyed to Plaintiff's earning prospects would certainly allure counsel.[1]

In considering the reasonableness of a fee award, courts have acknowledged that "reputational benefits that might accrue from being associated with" a high-profile proceeding can add significant value to an attorney's practice, thereby reducing the incentive to seek conventional compensation or fee awards. *Homeaway.com, Inc. v. City of N.Y.*, No. 18 Civ. 7742, 2021 WL 791232, at *16 (S.D.N.Y. Mar. 1, 2021) (Engelmayer, J.) (explaining that in a high-profile case "a firm's victory may easily and profitably be marketed to existing and potential clients"). Although

---

[1] Tim Sullivan, *As Bob Baffert's Derby Case Drags on, Judge Says Racing Commission "in Driver's Seat,"* Louisville Courier Journal (Aug. 9, 2021), https://www.courier-journal.com/story/sports/horses/horse-racing/2021/08/09/bob-baffert-case-judge-says-racing-commission-in-drivers-seat/5531851001/ ("Baffert still ranks sixth among North American trainers in 2021 earnings ($8,409,692).").

reputational benefits are not routinely considered in assessing special circumstances, the inevitable promise of reputational benefits undercuts the policy rationale of § 1988's fee-shifting provision in light of the value of Plaintiff's claims to counsel. Given Plaintiff's professional success, his unquestionable notoriety in the world of Thoroughbred racing, and the intense public interest surrounding Medina Spirit's positive drug test following the Kentucky Derby and NYRA's decision to suspend Plaintiff, this proceeding has offered Plaintiff's counsel the opportunity to represent their client on the world's stage in a case that has been, and will undoubtedly continue to be, covered widely on all forms of media.

*Second*, an award of attorneys' fees under these circumstances would work an injustice. As noted in NYRA's Opposition to Plaintiff's Motion for Preliminary Injunction (ECF No. 18) and as supported by The Jockey Club's *amicus* brief (ECF No. 17), NYRA's suspension of Plaintiff was implemented to protect the most important interests New York State has in connection with horse racing; that is, the integrity of the sport and the public's confidence in its legitimacy. While Plaintiff's alleged damages are unknown at this stage in litigation, Plaintiff concedes he "has entered horses and will continue to enter horses, in Graded Stakes races at Saratoga as part of its summer meet," mitigating his purported harm. (Pl.'s Mem. at 3.) Thus, to the extent Plaintiff recovers damages, they would both compensate any harm and adequately cover his costs. *Zarcone*, 581 F.2d at 1044 (court should consider the amount of damages awarded "and its adequacy to cover the plaintiffs' costs and compensate him for actual damages"). Under these circumstances, and particularly at this preliminary stage before the merits of Plaintiff's claims have fully been litigated, an award of attorneys' fees would amount to a windfall to Plaintiff and, in any event, represent a significant penalty to NYRA.

### III. UNDER THE PARTICULAR CIRCUMSTANCES OF THIS CASE, PLAINTIFF'S REQUESTED FEES AND EXPENSES ARE DISPROPORTIONATELY HIGH.

Even if the Court were to grant Plaintiff's motion, which it should not, any award of fees should be reduced.

In adjudicating a motion for attorneys' fees, courts in the Second Circuit employ the "lodestar" — the product of a reasonable hourly rate and the reasonable number of hours required by the case — to determine a "presumptively reasonable fee." *Avedana v. Casa Ofelia's Bakery LLC*, No. cv 20-2214, 2021 U.S. Dist. LEXIS 158226, at *35 (E.D.N.Y. Aug. 19, 2021) (Tomlinson, Mag. J.), *report and recommendation adopted*, 2021 U.S. Dist. LEXIS 177601 (Sept. 17, 2021) (Gujarati, J.); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 190-191 (2d Cir. 2008). In determining reasonable hourly rates, courts adhere to the "forum rule," which provides that a district court should generally use the prevailing hourly rates in the district where it sits. *See Avedana,* 2021 U.S. Dist. LEXIS 158226, at *35-36 (citing *Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 175-76 (2d. Cir. 2009)). Just last month, a court in the Eastern District of New York confirmed that prevailing rates in the district may run as high as $300-$450 per hour for partners, $200-$300 per hour for senior associates, and $100-$200 per hour for junior associates. *Avedana*, 2021 U.S. Dist. LEXIS 158226, at *35-36 (citing *Safeco Ins. Co. of Am. v. M.E.S., Inc.*, No. 09-cv-3312, 2018 WL 2766139, at *7 (E.D.N.Y. June 8, 2018) (Chen, J.), *aff'd*, 790 F. App'x 289 (2d Cir. 2019)); *see also Anderson v. Cty. of Suffolk*, No. cv 09-1913, 2016 WL 1444594, at *4 (E.D.N.Y. Apr. 11, 2016) (Brown, J.) (collecting cases).

While the Court may consider additional factors as part of a comprehensive approach to determine the reasonableness of the fees requested, it is the fee applicant's burden to show by "satisfactory evidence — in addition to the attorney's own affidavits" — that the requested hourly rates are reasonable in light of the prevailing rates in the district. *Farbotko v. Clinton Cty.*, 433

F.3d 204, 209 (2d Cir. 2005) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)); *Martinez v. City of N.Y.*, 330 F.R.D. 60, 69 (E.D.N.Y. 2019) (Pollak, Mag. J.). Here, although the majority of Plaintiff's requested fees exceed the Eastern District's prevailing rates — including one attorney's hourly rate that more than doubles the prevailing rate and a paralegal's rate more in line with the prevailing rate for a senior associate — Plaintiff has not, and cannot, satisfy his burden to demonstrate why such fees are reasonable under the circumstances. Specifically, Plaintiff's requested fees are based on rates that range from $450 to $975 for partners, $350 for senior associates, $220 to $225 for junior associates, and $195 to $265 for paralegals. (*See* Decl. of W. Craig Robertson at ¶¶ 10-11 (ECF No. 30-2); Decl. of Clark O. Brewster at ¶ 10 (ECF No. 30-4); Decl. of Charles Michael at ¶¶ 10-11 (ECF No. 30-3).)

Plaintiff's counsels' representations about the complexity of the matter are insufficient. *See Farbotko*, 433 F.3d at 209. Despite Plaintiff's contentions, the preliminary injunction litigation spanned just four weeks, lacked any discovery, did not require a detailed factual investigation, garnered significant media attention and reputational benefits, and resulted in only interim relief. These facts, in combination with the paltry evidence Plaintiff has submitted, warrant a significant reduction in Plaintiff's requested hourly rates. *Brown v. Green 317 Madison, LLC*, No. 11-cv-4466, 2014 WL 1237448, at *8-10 (E.D.N.Y. Feb. 4, 2014) (Pollak, Mag. J.) (reducing requested hourly rates in light of limited evidence plaintiff submitted, counsel's experience, short timeline of litigation and lack of complex factual investigation), *report and recommendation adopted*, 2014 WL 1237127 (E.D.N.Y. Mar. 25, 2014) (Vitaliano, J.); *Martinez*, 330 F.R.D. at 69 (reducing requested hourly rate where "plaintiff's counsel have not supplied any evidence beyond the cases cited in their own affidavits" and "plaintiff's counsel have not cited a single case in which they or any other civil rights attorney were awarded fees at the rate of $500 an hour in the Eastern

District of New York"). "Moreover, plaintiffs 'cannot have it both ways' by seeking fees at or above the highest range for this district based on their claimed skill and experience, while also spending an inordinate amount of time researching and editing briefs that more experienced counsel could complete more quickly." *Cleanup N. Brooklyn by Chantrtanapichate v. Brooklyn Transfer LLC*, 373 F. Supp. 3d 398, 407 (E.D.N.Y. 2019) (Gershon, J.). Even if calculated at the applicable prevailing rate in the Eastern District, the total number of hours billed by Plaintiff's attorneys appear excessive, redundant, or otherwise unnecessary to Plaintiff's representation in this proceeding and, as such, should be drastically reduced before any fee award is granted. *Cho v. Koam Med. Servs. P.C.*, 524 F. Supp. 2d 202, 209 (E.D.N.Y. 2007) (Vitaliano, J.) ("A district court should exclude hours that were 'excessive, redundant, or otherwise unnecessary' to the litigation due to, for example, 'overstaff[ing].'") (quoting *Hensley*, 461 U.S. at 434).

The total number of hours billed by Plaintiff's attorneys account for $159,419.00 in total fees and cover the hourly rates incurred by six attorneys and two paralegals employed by three different law firms. (*See* Decl. of W. Craig Robertson at ¶¶ 9-21; Decl. of Clark O. Brewster at ¶¶ 7-8; Decl. of Charles Michael at ¶¶ 7-14.) A close review of the billing records attached to the declarations in support of Plaintiff's motion reveals multiple instances in which more than one attorney bills for a task, or series of tasks, that reasonably could have been handled by a single attorney, or tasks that a more junior lawyer or paralegal should perform. For example, five attorneys, from three different firms in three different states drafted Plaintiff's reply brief in support of a preliminary injunction. (*See* Decl. of W. Craig Robertson at ¶¶ 12-17; Decl. of Clark O. Brewster at ¶ 8; Decl. of Charles Michael at ¶¶ 9-12.) And three attorneys, all partners with extensive experience, appeared on behalf of Plaintiff at the July 12, 2021 hearing before this Court on Plaintiff's motion for a preliminary injunction and each billed for such time, resulting in a

combined total of 26.25 hours billed and $14,575 in attorneys' fees incurred in a single day, in addition to 16.2 hours billed the day prior to the hearing, totaling $26,390 in fees in just two days.[2] (*See* Decl. of W. Craig Robertson at ¶¶ 18; Decl. of Clark O. Brewster at ¶ 8; Decl. of Charles Michael at ¶ 12; *see also* Decl. of Charles Michael at ¶ 12 (billing 5.8 hours for commenting on reply brief he was involved in writing and drafting four page attorney declaration with exhibits).)

Additionally, a fee reduction is warranted here to account for the imprecise billing practices of Plaintiff's attorneys — particularly Mr. Robertson and Mr. Michael's block-billed entries and Mr. Brewster's vague entries that fail to provide NYRA or the Court with enough context to assess the reasonableness of such billing entries. For example, Mr. Robertson submitted one entry, consisting of sixteen hours of billable work, with only a fleeting description of tasks performed. (*See* Decl. of W. Craig Robertson at ¶ 18 ("Prepared for hearing in New York; attended hearing in New York; traveled back to Lexington").) These types of vague or block-billed entries do not permit the Court to assess the reasonableness of the time spent on particular tasks and thus warrant a significant reduction in fees. *See Anderson*, 2016 WL 1444594, at *6 (recognizing that where "counsel relies on vague entries and block billing, courts are unable to review hours for reasonableness" and noting that "[c]ourts have imposed reductions as high as 40% based solely on vague billing entries"); *Caban v. Emp. Sec. Fund of the Elec. Prods. Indus. Pension Plan*, No. 10-cv-389, 2015 WL 7454601, at *8, (E.D.N.Y. Nov. 23, 2015) (Gold, S.) (imposing a 33% reduction in overall hours spent due to block billing, vague entries, and excessive time spent on certain routine tasks); *Trinidad v. Pret a Manger (USA) Ltd.*, 12-cv-6094, 2014 WL 4670870, at *10

---

[2] Two of these attorneys also improperly seek to recover their full requested hourly rate for travel time. (*See* Decl. of W. Craig Robertson at ¶ 18; Decl. of Clark O. Brewster at ¶ 8). Courts in the Second Circuit reimburse counsel at half their determined hourly rate for travel time. *Barfield v. N.Y. City Health & Hospitals Corp.*, 537 F.3d 132, 139 (2d Cir. 2008); *Anderson*, 2016 WL 1444594, at *6 (reducing hourly rates by one-half for travel time).

(S.D.N.Y. Sept. 19, 2015) (Engelmayer, J.) (reducing fees where "[s]ingle entries cover as much as 16 hours of work yet provide only a brief description of the tasks completed during that time").

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiff's motion for attorneys and paralegals' fees and expenses.

Dated: Albany, New York
      September 27, 2021                    Respectfully submitted,

                                               /s/ Henry M. Greenberg
                                               Henry M. Greenberg
                                               (*greenbergh@gtlaw.com*)
                                               GREENBERG TRAURIG, LLP
                                               54 State Street, 6th Floor
                                               Albany, New York 12207
                                               Telephone:  (518) 689-1400

                                                 - and -

                                               Ann-Elizabeth Ostrager
                                               (*ostragerae@sullcrom.com*)
                                               Harry F. Murphy
                                               (*murphyh@sullcrom.com*)
                                               SULLIVAN & CROMWELL LLP
                                               125 Broad Street
                                               New York, New York 10004
                                               Telephone:  (212) 558-4000

                                               *Attorneys for Defendant The New York Racing Association, Inc.*