

Henry M. Greenberg
Tel (518) 689-1492
Fax (518) 689-1499
greenbergh@gtlaw.com

October 25, 2021

**VIA ECF**

Honorable Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    <u>Bob Baffert v. The New York Racing Association, Inc.</u>
             <u>Civil Action No. 1:21-cv-03329-CBA-RML</u>

Dear Judge Amon:

       On behalf of The New York Racing Association, Inc. ("NYRA"), we write in response to Plaintiff Bob Baffert's ("Plaintiff") October 21, 2021 letter informing the Court of his intention to seek leave to amend his Complaint to challenge NYRA's separate and ongoing administrative proceeding against him. (ECF No. 47.). NYRA will oppose such motion as futile for multiple reasons, including because Plaintiff's proposed amendments are not ripe given his failure to exhaust administrative remedies, *Younger* abstention, and the meritless nature of the proposed amendments.

       *First*, this action is not the appropriate vehicle for Plaintiff to challenge NYRA's ongoing administrative proceeding, which has not yet resulted in any suspension of Plaintiff. As this Court acknowledged during oral argument on Plaintiff's unsuccessful motion to hold NYRA in contempt, the administrative proceeding "is a whole new proceeding," for which Plaintiff may, upon its completion, seek judicial review in New York State court pursuant to N.Y. CPLR Article 78. (*See* Mot. for Contempt Hr'g Tr. ("Hr'g Tr.") at 5:1-3; 8:13-9:14). Indeed, to bring a procedural due process challenge under 42 U.S.C. § 1983, Plaintiff must first "avail himself of the very administrative procedures he attacks as inadequate." *Dotson v. Griesa*, 398 F.3d 156, 161 n.2 (2d Cir. 2005) (citations omitted); *see Narumanchi v. Bd. of Trs. of Conn. State Univ.*, 850 F.2d 70, 72 (2d Cir. 1988) (affirming dismissal of procedural due process claim because tenured teacher failed to follow his union's grievance procedures set forth in a collective bargaining agreement); *Aronson v. Hall*, 707 F.2d 693, 694 (2d Cir. 1983) (affirming dismissal of procedural due process claim because plaintiff "is hardly in a position to claim that such review denied him due process" without pursuing "available administrative review"). Accordingly, the Court should deny Plaintiff's proposed motion to amend on this ground alone.

Greenberg Traurig, LLP | Attorneys at Law
54 State Street | 6th Floor | Albany, NY 12207 | T +1 518.689.1400 | F +1 518.689.1499

ACTIVE 60907749v3

www.gtlaw.com

*Second*, the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny preclude the adjudication in federal court of any new § 1983 claim challenging NYRA's ongoing administrative proceedings. *See Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 625-29 (1986) (holding that the district court should have abstained from adjudicating the appellee's § 1983 claim under the *Younger* abstention doctrine because appellee had a full and fair opportunity to litigate his constitutional claim in the pending administrative proceeding); *Spargo v. N.Y. State Comn'n on Jud. Conduct*, 351 F.3d 65, 85 (2d Cir. 2003) (holding *Younger* abstention precluded district court from exercising jurisdiction over constitutional claims against state agency); *see also Diamond "D" Constr. Corp. v. N.Y. State Dep't of Labor Bureau of Pub. Works*, 110 F. Supp. 2d 200, 206 (W.D.N.Y. 2000) (rejecting the plaintiff's argument that an Article 78 proceeding would not provide an opportunity to secure judicial review of a state agency's determinations for the purposes of assessing the application of *Younger* abstention).

*Third*, as NYRA argued in opposition to Plaintiff's unsuccessful motion to hold NYRA in contempt and for a stay, the due process challenges he seeks to raise are meritless. (*See* ECF No. 37 at 14, 17-20.) Plaintiff again incorrectly accuses NYRA of "attempting to invoke *ex post facto* proceedings" against him (ECF No. 47 at 2), notwithstanding that this Court has already held as follows:

> Unlike the summary suspension ordered in the May 17 letter, the September 10 letter does not suspend Baffert without a hearing. September 10th proceedings create a hearing to consider a possible suspension, not to implement one. And unlike the May 17 suspension, the September 10 statement of charges brings with it a full hearing, evidentiary disclosures, the standard of proof, an impartial hearing officer, [and the] right to appeal any decision by the hearing officer to a panel."

(Hr'g Tr. at 15:25-16:12.)

Moreover, Plaintiff's speculation that NYRA created its Hearing Rules and Procedures to target him is misguided given that NYRA is following these same rules and procedures in prosecuting charges brought against another individual NYRA seeks to exclude from its racetracks. (*See id.* at 14.) In any event, Plaintiff is wrong that NYRA is required to afford notice of its procedural rules. *See Fed. Commc'n Comm'n v. Fox Television Stations, Inc.*, 567 U.S. 239, 253 (2012) (noting that due process requires only fair notice of prohibited conduct). Plaintiff's argument that he had no notice of the conduct prohibited by NYRA likewise fails given that common law has long recognized the standards and interests NYRA intends to uphold. (*See* ECF No. 37 at 17-18.) Furthermore, Plaintiff's argument that NYRA should have provided a proposed penalty makes no sense given that the terms of a penalty, if any, should and will be set only upon a panel's consideration of the determination of the recommendation by a hearing officer — here, a distinguished retired judge — and all applicable evidence. (*See id.* at 19.) NYRA's hearing Rules and Procedures were modelled after rules and procedures used by state agencies and the New York State Administrative Procedure Act and comport with due process.

Thus, because Plaintiff's proposed amendments would be futile, as a matter of law, the Court should deny his request to move to amend his Complaint without further briefing. *See Thorsen v. Sons of Norway*, 996 F. Supp. 2d 143, 173 (E.D.N.Y. 2014) (Chen, J.) ("Leave to amend should not be granted where such amendment would be futile."); *see Chunn v. Amtrak*, 916 F.3d 204, 208 (2d Cir. 2019). However, if the Court grants Plaintiff permission to file his proposed motion, NYRA will oppose it and any other effort by Plaintiff to challenge the administrative proceeding prior to its resolution.

Finally, NYRA is cognizant that the Court has scheduled oral argument on NYRA's motion to dismiss for November 16, 2021. In Plaintiff's opposition to NYRA's motion to dismiss, he requested leave to amend the Complaint to cure any deficiencies therein. (ECF No. 43 at 9-10 n.4, 18-19.) To the extent the Court is inclined to grant Plaintiff leave to amend his Complaint, NYRA respectfully submits that the Court should refrain from ruling on the pending motion to dismiss, grant Plaintiff one opportunity for amendment, and afford NYRA an opportunity to move to dismiss the amended Complaint.

Respectfully yours,

/s/Henry M. Greenberg
Henry M. Greenberg (*greenbergh@gtlaw.com*)
Cynthia L. Neidl (*neidlc@gtlaw.com*)
GREENBERG TRAURIG, LLP
54 State Street, 6th Floor
Albany, New York 12207
Telephone: (518) 689-1400

- and -

Ann Elizabeth Ostrager (*ostragerae@sullcrom.com*)
Harry F. Murphy (*murphyh@sullcrom.com*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000

*Attorneys for Defendant The New York Racing Association, Inc.*

cc: All Counsel of Record
VIA ECF