**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| BOB BAFFERT,<br><br>          *Plaintiff*,<br><br>     v.<br><br>THE NEW YORK RACING<br>ASSOCIATION, INC.,<br><br>          *Defendant*. | Civil Action No. 1:21-cv-03329-<br>CBA-RML |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S**
**MOTION TO DISMISS THE AMENDED COMPLAINT**

GREENBERG TRAURIG, LLP
54 State Street, 6th Floor
Albany, New York 12207
(518) 689-1400

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

December 3, 2021

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ............................................................................1

BACKGROUND ...............................................................................................4

LEGAL STANDARD.........................................................................................8

ARGUMENT ...................................................................................................9

I.   PLAINTIFF'S CLAIMS UNDER 42 U.S.C. § 1983 SHOULD BE DISMISSED. ...........9

     A.   Plaintiff's Claim Based on the May 17 Suspension Letter Is Moot. .......................9

     B.   Plaintiff's Challenge to the Administrative Proceeding Is Not Justiciable, and, in Any Event, Meritless. ...................................................................................12

          1.   Plaintiff Fails to Allege Any Substantive Due Process Violation. ............12

          2.   Plaintiff Has Not Exhausted His Administrative Remedies. ....................13

          3.   Abstention Is Required Under *Younger v. Harris*. ....................................14

          4.   The Administrative Proceeding Is Not a Final Determination Ripe for Judicial Review.........................................................................................16

          5.   Plaintiff's Due Process Challenges to the Administrative Proceeding Are Meritless.................................................................................................18

II.  COUNTS I, III, IV, AND V SHOULD BE DISMISSED FOR THE REASONS SET FORTH IN NYRA'S INITIAL BRIEFING. ......................................................21

     A.   Plaintiff's Causes of Action for Injunctive and Declaratory Relief (Counts I and III) Should Be Dismissed. ...............................................................21

     B.   Plaintiff's Tortious Interference Claim (Count IV) Should Be Dismissed Because Plaintiff Fails to Allege Conduct Directed at His Business Relationships....................................................................................................22

     C.   Plaintiff's Claim for Violation of New York Law (Count V) Should Be Dismissed Because It Ignores New York Law and This Court's Prior Ruling on NYRA's Common Law Right to Exclude. ........................................................22

CONCLUSION.................................................................................................23

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abbott Labs. v. Gardner*,
387 U.S. 136 (1967) ............................................................................................................... 17

*AMSAT Cable Ltd. v. Cablevision of Conn. Ltd. P'ship*,
6 F.3d 867 (2d Cir. 1993) ..................................................................................................... 16

*Anderson v. Douglas Cnty.*,
4 F.3d 574 (8th Cir. 1993) .................................................................................................... 14

*Aronson v. Hall*,
707 F.2d 693 (2d Cir. 1983) ................................................................................................. 14

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ......................................................................................................... 9, 22

*Bartlett v. Société Générale De Banque Au Liban SAL*,
No. 19-cv-00007, 2020 WL 7089448 (E.D.N.Y. Nov. 25, 2020) (Amon, J.) .......................... 9

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ................................................................................................................ 9

*Bohnet v. Valley Stream Union Free Sch. Dist. 13*,
30 F. Supp. 3d 174 (E.D.N.Y. 2014) (Hurley, J.) .................................................................. 22

*Bowens v. Atlantic Maint. Corp.*,
546 F. Supp. 2d 55 (E.D.N.Y. 2008) (Gershon, J.) ................................................................. 8

*Browning Debenture Holders' Comm. v. Dasa Corp.*,
524 F.2d 811 (2d Cir. 1975) ................................................................................................. 11

*Califano v. Sanders*,
430 U.S. 99 (1977) ................................................................................................................ 17

*Campo v. New York City Emps.' Ret. Sys.*,
843 F.2d 96 (2d Cir. 1988) ................................................................................................... 16

*Cardinal Chem. Co. v. Morton Int'l, Inc.*,
508 U.S. 83 (1993) ................................................................................................................ 10

*Casse v. N.Y. State Racing & Wagering Bd.*,
70 N.Y.2d 589 (N.Y. 1987) .................................................................................................. 19

*City of N.Y. v. Nexicon, Inc.*,
   No. 03-cv-383, 2006 U.S. Dist. LEXIS 10295 (S.D.N.Y. Mar. 15, 2006)
   (Batts, J.) ...................................................................................................................12

*City of N.Y. v. Smokes-Spirits.com, Inc.*,
   541 F.3d 425 (2d Cir. 2008) ....................................................................................12

*Cnty. of Los Angeles v. Davis*,
   440 U.S. 625 (1979) ..................................................................................................10

*Cnty. of Suffolk, N.Y. v. Sebelius*,
   605 F.3d 135 (2d Cir. 2010) ....................................................................................11

*Collins v. City of Harker Heights, Tex.*,
   503 U.S. 115 (1992) ..................................................................................................13

*Cook v. Colgate Univ.*,
   992 F.2d 17 (2d Cir. 1993) ................................................................................10, 12

*Cox v. Warwick Valley Cent. Sch. Dist.*,
   654 F.3d 267 (2d Cir. 2011) ....................................................................................13

*Cunney v. Bd. of Trs. of Vill. of Grand View, N.Y.*,
   660 F.3d 612 (2d Cir. 2011) ....................................................................................13

*Diamond "D" Constr. Corp. v. McGowan*,
   282 F.3d 191 (2d Cir. 2002) ....................................................................................14

*Diamond "D" Constr. Corp. v. N.Y. State Dep't of Labor Bureau of Pub. Works*,
   110 F. Supp. 2d 200 (W.D.N.Y. 2000) ..................................................................15

*DiLaura v. Power Auth. of State of N.Y.*,
   982 F.2d 73 (2d Cir. 1992) ........................................................................................8

*Dotson v. Griesa*,
   398 F.3d 156 (2d Cir. 2005) ..................................................................................2, 13

*Estiverne v. Esernio-Jenssen*,
   581 F. Supp. 2d 335 (E.D.N.Y. 2008) (Gershon, J.) .........................................10, 11

*Fed. Commc'n Comm'n v. Fox Television Stations, Inc.*,
   567 U.S. 239 (2012) ................................................................................................3, 19

*Flast v. Cohen*,
   392 U.S. 83 (1968) ....................................................................................................12

*Ford v. Reynolds*,
   326 F. Supp. 2d 392 (E.D.N.Y. 2004) (Johnson, J.), *aff'd*, 167 F. App'x 248
   (2d Cir. 2006) ....................................................................................................................10

*Fox v. Bd. of Trs. of the State Univ. of N.Y.*,
   42 F.3d 135 (2d Cir. 1994) ..................................................................................................8

*Galvin v. N.Y. Racing Ass'n*,
   70 F. Supp. 2d 163 (E.D.N.Y. 1998) (Ross, J.) ..................................................................19

*HomeAway.Com, Inc. v. City of N.Y.*,
   No. 18-cv-7742, 2020 U.S. Dist. LEXIS 186091 (S.D.N.Y. Oct. 7, 2020)
   (Engelmayer, J.) ..................................................................................................................11

*Jacobson v. N.Y. Racing Ass'n*,
   33 N.Y.2d 144 (N.Y. 1973) ................................................................................................19

*Johnson v. Priceline.com, Inc.*,
   711 F.3d 271 (2d Cir. 2013) ................................................................................................9

*Kaluczky v. City of White Plains*,
   57 F.3d 202 (2d Cir. 1995) ................................................................................................13

*Leder v. Am. Traffic Sols., Inc.*,
   630 F. App'x 61 (2d Cir. 2015) ..........................................................................................13

*London v. Polishook*,
   189 F.3d 196 (2d Cir. 1999) ..............................................................................................12

*Lyons v. Litton Loan Servicing LP*,
   158 F. Supp. 3d 211 (S.D.N.Y. 2016) (Carter, J.) ..............................................................8

*Makarova v. United States*,
   201 F.3d 110 (2d Cir. 2000) ................................................................................................8

*Mangiafico v. Blumenthal*,
   471 F.3d 391 (2d Cir. 2006) ................................................................................................7

*Manza v. Newhard*,
   470 F. App'x 6 (2d Cir. 2012) ............................................................................................13

*McLennon v. City of N.Y.*,
   171 F. Supp. 3d 69 (E.D.N.Y. 2016) (Brodie, J.) ................................................................5

*Morrissey v. Brewer*,
   408 U.S. 471 (1972) ............................................................................................................19

*N.Y. Civ. Liberties Union v. Grandeau*,
    528 F.3d 122 (2d Cir. 2008)..............................................................................16, 17

*Narumanchi v. Bd. of Trs. of Conn. State Univ.*,
    850 F.2d 70 (2d Cir. 1988)........................................................................................14

*Nat'l Pub. Hosp. Ass'n v. Dep't of Interior*,
    538 U.S. 803 (2003)..................................................................................................16

*New York v. Raimondo*,
    No. 19-cv-09380, 2021 WL 1339397 (S.D.N.Y. Apr. 9, 2021) (Vyskocil, J.)..................10, 11

*Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc.*,
    477 U.S. 619 (1986)..................................................................................................15

*Perez-Ruiz v. Crespo-Guillen*,
    25 F.3d 40 (1st Cir. 1994).........................................................................................14

*Plotch v. Wells Fargo Bank, N.A.*,
    413 F. Supp. 3d 129 (E.D.N.Y. 2018) (Hall, J.) .........................................................8

*Raymond v. Bd. of Regents of the Univ. of Minn.*,
    847 F.3d 585 (8th Cir. 2017) ...............................................................................13, 14

*Rios v. Town of Huntington Hous. Auth.*,
    853 F. Supp. 2d 330 (E.D.N.Y. 2012) (Spatt, J.)......................................................16

*Rosado-Acha v. Red Bull Gmbh*,
    No. 15-cv-7620, 2016 WL 3636672 (S.D.N.Y. June 29, 2016) (Failla, J.)..............................7

*Russman v. Bd. of Educ. Of Enlarged City Sch. Dist. of Watervliet*,
    260 F.3d 114 (2d Cir. 2001)......................................................................................11

*Saumell v. N.Y. Racing Ass'n, Inc.*,
    58 N.Y.2d 231 (N.Y. 1983) ..................................................................................19, 20

*Simmonds v. INS*,
    326 F.3d 351 (2d Cir. 2003)...............................................................................8, 9, 17

*Spargo v. N.Y. State Comm'n on Jud. Conduct*,
    351 F.3d 65 (2d Cir. 2003)........................................................................................15

*Matter of St. Lucia v. Novello*,
    726 N.Y.S.2d 488 (N.Y. App. Div., 3d Dep't 2001) ...............................................20

*Staehr v. Hartford Fin. Servs. Grp., Inc.*,
    547 F.3d 406 (2d Cir. 2008).........................................................................................7

*Stahl York Ave. Co., LLC v. City of N.Y.*,
   No. 14-cv-7665, 2015 WL 2445071 (S.D.N.Y. May 21, 2015) (Ramos, J.) ........................... 8

*Tassy v. Brunswick Hosp. Ctr., Inc.*,
   296 F.3d 65 (2d Cir. 2002) ....................................................................................................... 9

*Tenenbaum v. Williams*,
   193 F.3d 581 (2d Cir. 1999) ................................................................................................... 13

*United States v. Quattrone*,
   402 F.3d 304 (2d Cir. 2005) ................................................................................................... 11

*Velvet Underground v. Andy Warhol Found. for the Visual Arts, Inc.*,
   890 F. Supp. 2d 398 (S.D.N.Y. 2012) (Nathan, J.) ............................................................... 12

*Vialez v. New York City Hous. Auth.*,
   783 F. Supp. 109 (S.D.N.Y. 1991) (Grubin, Mag. J.) ........................................................... 16

*Washington v. Glucksberg*,
   521 U.S. 702 (1997) ............................................................................................................... 13

*Wilmington Trust, Nat'l Ass'n v. Estate of McClendon*,
   287 F. Supp. 3d 353 (S.D.N.Y. 2018) (Sweet, J.) .................................................................. 8

*Younger v. Harris*,
   401 U.S. 37 (1971) ......................................................................................................... *passim*

## Statutes

42 U.S.C. § 1983 ............................................................................................................ *passim*

## Other Authorities

U.S. CONST. art. III, § 2, cl. 1 ................................................................................................ 10

FED. R. CIV. P. 12(b)(1) ................................................................................................ 1, 8, 23

FED. R. CIV. P. 12(b)(6) .................................................................................................. *passim*

FED. R. EVID. 201(b) .............................................................................................................. 20

9 N.Y.C.R.R. § 4022.12 ......................................................................................................... 19

N.Y. C.P.L.R. Article 78 ........................................................................................................ 16

5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*
   § 1350 (2d ed. 1990 & Supp. 1992) ........................................................................................ 8

Defendant The New York Racing Association, Inc. ("NYRA") respectfully submits this memorandum of law in support of its motion to dismiss Plaintiff Bob Baffert's ("Plaintiff") Amended Complaint (ECF No. 49 ("Amended Complaint" or "Am. Compl.")) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).   As discussed in more detail below, where appropriate, NYRA incorporates by reference arguments detailed in its memorandum (ECF No. 42-1 ("NYRA's Opening Memorandum")) and reply (ECF No. 44 ("NYRA's Reply")) filed in support of its motion to dismiss Plaintiff's original complaint (ECF No. 1 ("Original Complaint" or "Compl.")).

## PRELIMINARY STATEMENT

Plaintiff's Amended Complaint does not remedy the fatal deficiencies identified in NYRA's Opening Memorandum and Reply as to Counts I, III, IV and V.   This memorandum principally addresses Plaintiff's claims under 42 U.S.C. § 1983 (Count II of the Amended Complaint).   Those claims, which are predicated on the May 17, 2021 suspension letter (the "May 17 Letter") and the separate and ongoing administrative proceedings commenced by NYRA against Plaintiff on September 10, 2021 (the "Administrative Proceeding"), also should be dismissed.

Plaintiff's claim concerning the May 17 suspension is moot because he has obtained all the relief sought by that claim.   The Court granted Plaintiff's request to enjoin the suspension, and NYRA immediately permitted Plaintiff access to NYRA's racetracks (the "Racetracks").[1]   NYRA is also giving Plaintiff the opportunity to be heard that he requested through the ongoing Administrative Proceeding.   Finally, at the November 16, 2021 argument on Plaintiff's request for

---

[1]     The Racetracks include "Belmont Park, Aqueduct Racetrack and Saratoga Race Course." (Am. Compl. ¶ 2.)

attorneys' fees, Plaintiff conceded that he would not pursue damages — the only remaining relief Plaintiff was seeking in connection with the May 17 Letter — if the Court awarded attorneys' fees in connection with his motion for a preliminary injunction.  Thus, there is no longer a real and live dispute regarding the May 17 suspension and the Court lacks subject matter jurisdiction over Plaintiff's claim in connection therewith.

Plaintiff's claim concerning the Administrative Proceeding should be dismissed for several reasons.  *First*, as a preliminary matter, Plaintiff's conclusory allegation of a "substantive" due process violation does not state a plausible claim because the Amended Complaint does not identify any *substantive* right that has been violated.  (Am. Compl. ¶ 87.)

*Second*, Plaintiff has failed to exhaust his administrative remedies.  Before challenging the Administrative Proceeding on procedural due process grounds, Plaintiff must first "avail himself of the very administrative procedures he attacks as inadequate."  *Dotson v. Griesa*, 398 F.3d 156, 161 n.2 (2d Cir. 2005) (citations omitted).  Because Plaintiff has failed to do so, his claim should be dismissed on that ground alone.

*Third*, the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny requires the Court to abstain from hearing Plaintiff's challenge as to the Administrative Proceeding.  The Administrative Proceeding is exactly the type of state proceeding that the *Younger* abstention doctrine requires federal courts to abstain from ruling on.

*Fourth*, Plaintiff's claim regarding the Administrative Proceeding is not ripe because the Administrative Proceeding is ongoing.  It is a waste of judicial resources for this Court to consider a challenge to a proceeding that may not result in any punishment for Plaintiff (*i.e.*, after which Plaintiff may not have anything to challenge).

*Fifth*, to the extent the Court wishes to consider Plaintiff's due process challenges to the Administrative Proceeding, the Court should reject them because they are meritless and fail to state a claim:

- Plaintiff's assertion that it is a "due process violation for NYRA to enact rules and procedures and attempt to apply them *ex post facto*" (Am. Compl. ¶ 61) is incorrect. Due process requires only fair notice of prohibited conduct, not notice of the exact procedures that will govern an administrative hearing.  *See Fed. Commc'n Comm'n v. Fox Television Stations, Inc.*, 567 U.S. 239, 253 (2012).

- Plaintiff's allegation that the charges NYRA has asserted in the Administrative Proceeding are "vague and entirely subjective" (Am. Compl. ¶ 62) is insufficient to state a claim because the standards NYRA is enforcing in the Administrative Proceeding have long been recognized under common law.

- Plaintiff's speculation that the hearing rules and procedures governing the Administrative Proceeding were created exclusively for him is simply incorrect. The same rules and procedures are being used in prosecuting charges brought against another individual NYRA seeks to exclude from the Racetracks.

- Plaintiff's contention that NYRA should have informed him of a proposed penalty in advance of the hearing makes no sense.  NYRA has informed Plaintiff that NYRA seeks to suspend him from entering races and stabling horses at the Racetracks.  The length of such a suspension, if any, will be determined only upon a panel's consideration of a hearing officer's recommendation after the Administrative Proceeding.

**BACKGROUND**

Plaintiff is a thoroughbred racehorse trainer licensed to train horses in, among other places, New York State.  (Am. Compl. ¶¶ 8, 50.)  Between 2020 and 2021, three state racing regulators found that Plaintiff committed four drug-testing violations.  (Am. Compl. Ex. A at 2 (ECF No. 49-1); Ex. A at 2.)[2]  In the wake of those violations, Plaintiff entered a horse he trained, Medina Spirit, in the Kentucky Derby held on May 1, 2021 at Churchill Downs Race Track.  (Am. Compl. ¶ 17.)  Although Medina Spirit finished first in that race (*id.*), drug testing from post-race blood samples revealed that Medina Spirit tested positive for betamethasone (*id.* ¶ 24).  On May 9, 2021, Churchill Downs suspended Plaintiff from entering horses at its racetrack pending further investigation.  (*See* Am. Compl. Ex. A at 1; Ex. A at 1.)

By letter dated May 17, 2021, NYRA notified Plaintiff that it was temporarily suspending him from entering or stabling horses at the Racetracks.  (Am. Compl. Ex. A at 1-2; Ex. A at 1-2.)  NYRA's May 17 Letter cited Plaintiff's four other drug testing violations in the past year, the positive test following the Kentucky Derby, Plaintiff's contradictory statements attempting to explain the positive test, and Plaintiff's temporary suspension from Churchill Downs.  (Am. Compl. Ex. A at 1-2; Ex. A at 1-2.)  Given these considerations, NYRA explained that temporarily suspending Plaintiff from entering or stabling horses at the Racetracks was in the "best interest[] of thoroughbred racing" and that, to do otherwise "would compromise NYRA's investment in its operations as well as the public's perception of thoroughbred racing generally."  (Am. Compl. Ex. A at 2; Ex. A at 2.)

---

[2]     Citations to "Ex. __" refer to the exhibits attached to the accompanying declaration of Henry M. Greenberg ("Greenberg Decl.").

On June 14, 2021, Plaintiff commenced this action and moved for an order to preliminarily enjoin NYRA from enforcing the suspension set forth in the May 17 Letter. (Compl.; Mot. for Prelim. Inj. (ECF No. 3).) The Court held that NYRA likely had the authority to act as it did under New York State law, but, consistent with Plaintiff's due process rights, NYRA should have provided him a pre-suspension hearing or, at least, a prompt post-suspension hearing. (Mem. & Order Granting Mot. for Prelim. Inj. dated July 14, 2021 (ECF No. 26) ("Order") at 15, 18.) As a result, the Court enjoined NYRA "pending the final hearing and determination of this action, from enforcing the suspension of Baffert which NYRA issued by letter dated May 17, 2021." (*Id.* at 27-28.) NYRA complied with the Order by lifting Plaintiff's suspension and permitting him to enter and stable horses at the Racetracks. (*See* Ex. B at 1-2.)

After the Court's ruling, NYRA developed hearing rules and procedures (Ex. E, "Hearing Rules and Procedures")[3] to govern the Administrative Proceeding against Plaintiff. (Am. Compl. ¶ 59.) The Hearing Rules and Procedures require NYRA to commence the Administrative Proceeding by providing notice of the charges against the licensee (the "Statement of Charges") and notice of the details of the hearing (the "Notice of Hearing"), including the presiding hearing officer (the "Hearing Officer") and the parties' right "to be represented by counsel, to testify, to produce witnesses, to present documentary evidence, and to examine opposing witnesses and evidence." (Hearing Rules and Procedures § 3.) They also provide an opportunity to submit an

---

[3]    The Court may consider the Hearing Rules and Procedures brought against Plaintiff when ruling on this motion because they are incorporated in the Amended Complaint through Plaintiff's allegations that the Hearing Rules and Procedures were improperly created after the Court's issuance of the preliminary injunction (Am. Compl. ¶¶ 59, 60, 87) and that NYRA failed to comply with them (*id.* ¶¶ 64, 90). *See McLennon v. City of N.Y.*, 171 F. Supp. 3d 69, 88 (E.D.N.Y. 2016) (Brodie, J.) (noting that "in deciding a motion under Rule 12(b)(6), the Court must consider . . . 'materials incorporated in [the complaint] by reference,'" meaning that "the complaint must make 'a clear, definite and substantial reference to the document[]'") (citations omitted).

answer in response to the charges (*id.* § 4), reciprocal disclosure rights (*id.* § 8), and the evidentiary burden and standard of proof to be applied at the hearing (*id.* § 12).

An independent Hearing Officer is designated to preside over the pre-hearing and hearing procedures "in a fair and impartial manner." (*Id.* § 10(a).) The testimony and other evidence introduced during the hearing are recorded verbatim and compiled as a record of the hearing ("Record of the Hearing"). (*Id.* § 13(a).) After the hearing, the Hearing Officer issues a written report (the "Hearing Report"), which is submitted to the parties and a panel appointed by NYRA's President (the "Panel"). (*Id.* §§ 2(h), 14.) The Hearing Report includes findings of fact, conclusions, a recommended disposition, and, if the Hearing Officer finds a revocation or suspension of the licensee's right to access the Racetracks warranted, a statement describing how long the suspension or revocation should be in effect. (*Id.* § 14(b).) The licensee is then given an opportunity to file any exceptions concerning the Hearing Report for the Panel's consideration. (*Id.* § 15.) After reviewing the Hearing Report, Record of the Hearing, and any filed exceptions, the Panel issues a final decision (the "Final Decision") adopting, modifying, or rejecting any or all of the Hearing Report with a statement setting forth the facts supporting the basis for the Final Decision. (*Id.* § 16(a), (b).)

On September 10, 2021, NYRA initiated the Administrative Proceeding by serving Plaintiff with a Notice of Hearing (Am. Compl. Ex. B; Ex. C) and Statement of Charges (Ex. D)[4] delineating the conduct at issue. (Am. Compl. ¶¶ 59, 62.) The Statement of Charges alleges that Plaintiff has engaged in (i) "conduct detrimental to the best interest of racing"; (ii) "conduct

---

[4]     When ruling on this motion, the Court may consider the Statement of Charges brought against Plaintiff because it is incorporated in the Amended Complaint through Plaintiff's allegations that the charges contained therein are "unquestionably vague and entirely subjective" (Am. Compl. ¶ 62) and do not include a proposed penalty (*id.* ¶¶ 64, 90).

detrimental to the health and safety of horses and jockeys"; and (iii) "conduct detrimental to NYRA business operations."  (Am. Compl. ¶ 62; Ex. D at 10-11.)  NYRA also served another trainer, Marcus J. Vitali, with a Notice of Hearing and Statement of Charges, in accordance with the same Hearing Rules and Procedures applicable to the Administrative Proceeding against Plaintiff.  (Exs. F, G.)[5]  Plaintiff's Administrative Hearing is scheduled to begin January 24, 2022.  (Greenberg Decl. ¶ 7.)

On August 25, 2021, NYRA moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Counts I, III, IV, and V of the Original Complaint, and briefing was complete on that motion on October 12, 2021.  (*See* ECF Nos. 42-44.)  On October 21, 2021, Plaintiff requested leave to amend the Original Complaint to add allegations concerning the Administrative Proceeding.  (ECF No. 47.)  During a November 9, 2021 pre-motion conference, the Court granted Plaintiff leave to file his Amended Complaint.  (Nov. 9, 2021 Pre-Motion Conference Minute Entry.)

Finally, during the November 16, 2021 argument on Plaintiff's Motion for Attorneys' Fees, Plaintiff's counsel represented that Plaintiff would forego monetary damages in connection with Plaintiff's § 1983 claim arising from the May 17 Letter if the Court granted attorneys' fees relating to work completed during the preliminary injunction stage.  (Ex. K. at 10:17-20.)

---

[5]     The Court may consider these materials pursuant to Rule 12(b)(6) because the Court may take judicial notice of them.  *See Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) (holding that courts could take judicial notice of "the *fact* that press coverage, prior lawsuits, or regulatory filings contained certain information, without regard to the truth of their contents") (emphasis in original); *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (noting that a court may take judicial notice of public records); *Rosado-Acha v. Red Bull Gmbh*, No. 15-cv-7620, 2016 WL 3636672, at *7 (S.D.N.Y. June 29, 2016) (Failla, J.) (noting that a court may take judicial notice of its own orders and records).  These documents are judicially noticeable because they are published on NYRA's website (*see* Greenberg Decl. ¶ 8) and are included in the Court's records because they were submitted by NYRA when defending against Plaintiff's contempt motion (Aff. of David T. O'Rourke, Exs. J, K (ECF No. 37-1)).

**LEGAL STANDARD**

A claim should be "dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Federal courts lack subject matter jurisdiction over moot actions or claims. *Bowens v. Atlantic Maint. Corp.*, 546 F. Supp. 2d 55, 75 (E.D.N.Y. 2008) (Gershon, J.) (quoting *Fox v. Bd. of Trs. of the State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir. 1994)). Moreover, no subject matter jurisdiction exists where a plaintiff fails "to exhaust administrative remedies." *DiLaura v. Power Auth. of State of N.Y.*, 982 F.2d 73, 79 (2d Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1350, at 194-96 (2d ed. 1990 & Supp. 1992)); *see also Lyons v. Litton Loan Servicing LP*, 158 F. Supp. 3d 211, 218 (S.D.N.Y. 2016) (Carter, J.) (noting that "a failure to exhaust administrative remedies constitute[s a] jurisdictional defect[] and may be addressed through a Rule 12(b)(1) motion").

Similarly, a "motion to abstain 'is considered as a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).'" *Wilmington Trust, Nat'l Ass'n v. Estate of McClendon*, 287 F. Supp. 3d 353, 360 (S.D.N.Y. 2018) (Sweet, J.) (quoting *Stahl York Ave. Co., LLC v. City of N.Y.*, No. 14-cv-7665, 2015 WL 2445071, at *7 (S.D.N.Y. May 21, 2015) (Ramos, J.)); *see Plotch v. Wells Fargo Bank, N.A.*, 413 F. Supp. 3d 129, 132 (E.D.N.Y. 2018) (Hall, J.) (noting the appropriateness of refraining from hearing a case under the *Younger* abstention doctrine).

Courts use the prudential ripeness doctrine as a tool "to enhance the accuracy of their decisions and to avoid becoming embroiled in adjudications that may later turn out to be unnecessary or may require premature examination of, especially, constitutional issues that time may make easier or less controversial." *Simmonds v. INS*, 326 F.3d 351, 357 (2d Cir. 2003) (citation omitted). Prudential ripeness is "a more flexible doctrine of judicial prudence," which

"constitutes an important exception to the usual rule that where jurisdiction exists a federal court must exercise it." *Simmonds*, 326 F.3d at 357 (citing *Tassy v. Brunswick Hosp. Ctr., Inc.*, 296 F.3d 65, 68 n.2 (2d Cir. 2002)).

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Bartlett v. Société Générale De Banque Au Liban SAL*, No. 19-cv-00007, 2020 WL 7089448, at *4 (E.D.N.Y. Nov. 25, 2020) (Amon, J.) (citing *Johnson v. Priceline.com, Inc.*, 711 F.3d 271, 275 (2d Cir. 2013)). A motion to dismiss should be granted where a complaint fails to plead facts sufficient to state a claim that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations of the complaint must be more than speculative and show the grounds on which a plaintiff is entitled to relief beyond "labels and conclusions, and a formulaic recitation of a cause of action's elements." *Twombly*, 550 U.S. at 555 (citation omitted). Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

## **ARGUMENT**

## I.    **PLAINTIFF'S CLAIMS UNDER 42 U.S.C. § 1983 SHOULD BE DISMISSED.**

In the Amended Complaint, Plaintiff targets two distinct NYRA actions under 42 U.S.C. § 1983: (i) the suspension issued by the May 17 Letter; and (ii) the Administrative Proceeding. Plaintiff's claims with respect to both actions should be dismissed.

### A.    **Plaintiff's Claim Based on the May 17 Suspension Letter Is Moot.**

At the outset of this litigation, in connection with his § 1983 claim, Plaintiff sought (i) an order enjoining the suspension issued by the May 17 Letter, (ii) a declaratory judgment that Plaintiff was permitted to enter horses in races and stable horses at the Racetracks, and

(iii) damages allegedly stemming from the suspension issued by the May 17 Letter. (Compl. ¶ 22.) Based on developments during this litigation, Plaintiff is no longer pursuing these remedies, and, therefore, Plaintiff's claim should be dismissed as moot.

The U.S. Constitution limits the jurisdiction of federal courts to actual cases or controversies. *See Cook v. Colgate Univ.*, 992 F.2d 17, 19 (2d Cir. 1993) ("It is a commonplace that jurisdiction of federal courts is limited to cases and controversies.") (citing U.S. CONST. art. III, § 2, cl. 1). "Because the case-or-controversy requirement demands the existence of a real and justiciable controversy, disputes over the rights and duties of a party whose challenged activities have ceased may be dismissed on grounds of mootness." *Ford v. Reynolds*, 326 F. Supp. 2d 392, 405 (E.D.N.Y. 2004) (Johnson, J.), *aff'd*, 167 F. App'x 248 (2d Cir. 2006) (citing *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95-96 (1993)); *see also Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) ("[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.") (citation and internal quotation marks omitted). "When an action becomes moot, the court lacks subject matter jurisdiction and must therefore dismiss the case." *New York v. Raimondo*, No. 19-cv-09380, 2021 WL 1339397, at *1 (S.D.N.Y. Apr. 9, 2021) (Vyskocil, J.) (citations omitted).

The reasoning in *Estiverne v. Esernio-Jenssen*, 581 F. Supp. 2d 335 (E.D.N.Y. 2008) (Gershon, J.) is instructive. There, Judge Gershon dismissed as moot a claim brought under 42 U.S.C. § 1983 seeking permanent injunctive and declaratory relief for the state's failure to provide a hearing to the plaintiffs. *Id.* at 342. After the action was commenced, the plaintiffs obtained a preliminary injunction ordering the state to conduct the hearing, with which directive the state complied. *Id.* This mooted the plaintiffs' claim because the controversy between the parties was "fully resolved" and the "declaratory relief sought, if granted, would be without

practical implication." *Id.* at 342 (citations omitted); *see also, e.g.*, *Raimondo*, 2021 WL 1339397, at *1, 3 (dismissing as moot challenge to rules concerning commercial fishing quotas because challenged rules were revised and no longer in effect); *HomeAway.Com, Inc. v. City of N.Y.*, No. 18-cv-7742, 2020 U.S. Dist. LEXIS 186091, *2-3 (S.D.N.Y. Oct. 7, 2020) (Engelmayer, J.) (dismissing as moot action brought under 42 U.S.C. § 1983 challenging constitutionality of New York City local law because aspects of such law which formed the basis of the lawsuit were amended). Such is the case here.

As in *Estiverne*, Plaintiff's claim should be dismissed because no dispute remains regarding the source of his alleged injury — the suspension implemented by the May 17 Letter. In accordance with the Order, NYRA lifted Plaintiff's suspension and advised him that the May 17 Letter would not be invoked in the future. (Ex. B at 1-2.) Further, NYRA is providing Plaintiff exactly what he argued he was entitled to in support of his motion for a preliminary injunction — notice and an opportunity to be heard at an administrative hearing scheduled to begin on January 24, 2022. (Greenberg Decl. ¶ 7.) And Plaintiff has abandoned his claim for damages resulting from the suspension. (*See supra* at 7.)

Thus, there is no longer a "real and live" dispute regarding Plaintiff's suspension, *Russman v. Bd. of Educ. Of Enlarged City Sch. Dist. of Watervliet*, 260 F.3d 114, 118 (2d Cir. 2001), and it is "impossible for the court to grant any effectual relief whatever to a prevailing party," *Cnty. of Suffolk, N.Y. v. Sebelius*, 605 F.3d 135, 140 (2d Cir. 2010) (quoting *United States v. Quattrone*, 402 F.3d 304, 308 (2d Cir. 2005)). Because the suspension no longer has any effect on the rights or conduct of the parties, the declaratory and injunctive relief Plaintiff seeks, if granted, would be without practical implication. Any further litigation would only result in an impermissible advisory opinion. *See Browning Debenture Holders' Comm. v. Dasa Corp.*, 524 F.2d 811, 817

(2d Cir. 1975) (dismissing a case where "the remedy sought is a mere declaration of law without implications for practical enforcement upon the parties"); *Velvet Underground v. Andy Warhol Found. for the Visual Arts, Inc.*, 890 F. Supp. 2d 398, 403 (S.D.N.Y. 2012) (Nathan, J.) ("As with any federal action, courts may not entertain actions for declaratory judgment 'when the parties are asking for an advisory opinion, when the question sought to be adjudicated has been mooted by subsequent developments, and when there is no standing to maintain the action.'" (quoting *Flast v. Cohen*, 392 U.S. 83, 95 (1968))).

Finally, Plaintiff's pending motion for attorneys' fees and costs is not sufficient to keep this moot claim alive.  It is well established that "claims for attorney's fees are not enough to sustain jurisdiction over a suit."  *City of N.Y. v. Nexicon, Inc.*, No. 03-cv-383, 2006 U.S. Dist. LEXIS 10295, at *16 (S.D.N.Y. Mar. 15, 2006) (Batts, J.) (citing *Cook*, 992 F.2d at 19; *London v. Polishook*, 189 F.3d 196, 200 (2d Cir. 1999)), *aff'd in part and vacated in part on other grounds*, *City of N.Y. v. Smokes-Spirits.com, Inc.*, 541 F.3d 425 (2d Cir. 2008).

**B.**     **Plaintiff's Challenge to the Administrative Proceeding Is Not Justiciable, and, in Any Event, Meritless.**

Plaintiff's claims regarding NYRA's separate and ongoing Administrative Proceeding against him are not justiciable for multiple reasons and, in any event, cannot be sustained as a matter of law.

1.     *Plaintiff Fails to Allege Any Substantive Due Process Violation.*

As a preliminary matter, Plaintiff's allegation that NYRA's actions in implementing the Administrative Proceeding somehow implicates "substantive" due process concerns is entirely conclusory.  (Am. Compl. ¶ 87.)[6]  Nothing alleged in the Amended Complaint relates to interests

---

[6]     To the extent Plaintiff intended this allegation to bolster his § 1983 claim as it relates to the May 17 Letter, the following argument applies to the entirety of Plaintiff's § 1983 claim.

protected by substantive due process.  Only state action that impinges on a "fundamental liberty interest" is subject to evaluation under substantive due process.  *See Leder v. Am. Traffic Sols., Inc.*, 630 F. App'x 61, 62 (2d Cir. 2015) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 721 (1997).  Substantive due process rights are only implicated by "governmental action that is arbitrary, conscience-shocking, or oppressive in the constitutional sense, but not against government action that is incorrect or ill-advised."  *Cunney v. Bd. of Trs. of Vill. of Grand View, N.Y.*, 660 F.3d 612, 626 (2d Cir. 2011) (quoting *Kaluczky v. City of White Plains*, 57 F.3d 202, 211 (2d Cir. 1995)).  "Only the most egregious official conduct can be said to be arbitrary in the constitutional sense and therefore unconstitutional."  *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 275 (2d Cir. 2011) (quoting *Tenenbaum v. Williams*, 193 F.3d 581, 600 (2d Cir. 1999)); *cf. Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 128 (1992) (finding claim "analogous to a fairly typical state-law tort claim" was not conscience shocking).

Given Plaintiff's failure to allege any fundamental liberty interest that is infringed upon by NYRA's alleged conduct, let alone how NYRA infringed upon such an interest in a conscience-shocking manner, the Court should dismiss any substantive due process claim Plaintiff attempted to allege.  *See Manza v. Newhard*, 470 F. App'x 6, 9 (2d Cir. 2012) (upholding dismissal of a § 1983 case based in part upon a substantive due process "claim [that] cannot be deemed plausible when, as here, conclusory pleadings are unsupported by factual content").

## 2.    *Plaintiff Has Not Exhausted His Administrative Remedies.*

Plaintiff has failed to exhaust the remedies available to him in the Administrative Proceeding that he himself demanded when this lawsuit was commenced.  In so doing, Plaintiff has failed to meet the jurisdictional requirement that, before bringing a procedural due process claim under 42 U.S.C. § 1983, Plaintiff must first "avail himself of the very administrative procedures he attacks as inadequate."  *Dotson*, 398 F.3d at 161 n.2; *see Raymond v. Bd. of Regents*

*of the Univ. of Minn.*, 847 F.3d 585, 589 (8th Cir. 2017) ("Under federal law, a litigant asserting a deprivation of procedural due process must exhaust state remedies before such an allegation states a claim under § 1983.") (internal quotation marks and citation omitted); *Perez-Ruiz v. Crespo-Guillen*, 25 F.3d 40, 43 (1st Cir. 1994) (affirming district court's dismissal of plaintiffs' procedural due process claim under 42 U.S.C. § 1983 because the availability of an adequate state remedy "is fatal" to such a claim).

The Administrative Proceeding hearing is scheduled to begin on January 24, 2022 (Greenberg Decl. ¶ 7) and will not be complete until a Panel reviews the Hearing Officer's findings of fact and recommended disposition (Ex. E § 16(a)).  Plaintiff will have every opportunity to present his defenses at the Administrative Hearing.  (*Id.* § 11(b), (d).)  Because Plaintiff "cannot complain of a violation of procedural due process when he has not availed himself of existing procedures," his claim must be dismissed.  *Raymond*, 847 F.3d at 590 (quoting *Anderson v. Douglas Cnty.*, 4 F.3d 574, 578 (8th Cir. 1993)); *see also Narumanchi v. Bd. of Trs. of Conn. State Univ.*, 850 F.2d 70, 72 (2d Cir. 1988) (affirming dismissal of procedural due process claim because tenured teacher failed to follow his union's grievance procedures set forth in a collective bargaining agreement); *Aronson v. Hall*, 707 F.2d 693, 694 (2d Cir. 1983) (affirming dismissal of procedural due process claim because plaintiff "is hardly in a position to claim that such review denied him due process" without pursuing "available administrative review").  The Court should deny Plaintiff's challenge to the Administrative Proceeding on this ground alone.

3.       *Abstention Is Required Under* Younger v. Harris*.

The abstention doctrine set forth in *Younger* and its progeny preclude the adjudication in federal court of Plaintiff's § 1983 claim challenging the Administrative Proceeding.  Federal courts are generally required "to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings."  *Diamond "D" Constr. Corp. v.*

*McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) (citing *Younger*, 401 U.S. at 43-44). "[T]he *Younger* abstention doctrine generally requires federal courts to refrain from enjoining State administrative proceedings where: (1) there is an ongoing administrative proceeding; (2) there is a State interest in the proceeding; and (3) the party has an opportunity for judicial review of the administrative agency's actions." *Diamond "D" Constr. Corp. v. N.Y. State Dep't of Labor Bureau of Pub. Works*, 110 F. Supp. 2d 200, 206-07 (W.D.N.Y. 2000) (rejecting the plaintiff's argument that an Article 78 proceeding would not provide an opportunity to secure judicial review of a state agency's determinations for the purposes of assessing the application of *Younger* abstention); *see, e.g.*, *Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc.*, 477 U.S. 619, 625-29 (1986) (holding that the district court should have abstained from adjudicating the appellee's § 1983 claim under the *Younger* abstention doctrine because appellee had a full and fair opportunity to litigate his constitutional claim in the pending administrative proceeding); *Spargo v. N.Y. State Comm'n on Jud. Conduct*, 351 F.3d 65, 85 (2d Cir. 2003) (holding that the district court should have abstained from exercising jurisdiction over constitutional claims against a state agency under the *Younger* abstention doctrine).

Here, all three prerequisites for *Younger* abstention are present. *First*, NYRA's Administrative Proceeding is ongoing and a hearing is scheduled to begin on January 24, 2022. (Greenberg Decl. ¶ 7.) *Second*, the substantial state interests necessary to invoke the abstention doctrine are present. NYRA has commenced the Administrative Proceeding to ensure the integrity of the racing carried on under its auspices and to protect the safety of jockeys and horses, which can be put at risk by using the types of injury-masking substances for which horses trained by Plaintiff have tested positive. This Court has previously recognized that these state interests are "weighty" and "important." (Order at 23, 26.) *Third*, Plaintiff would have an opportunity in state

court to vindicate federal rights. Plaintiff may challenge the final determination of the administrative proceeding in a N.Y. C.P.L.R. Article 78 proceeding. As this Court acknowledged during oral argument on Plaintiff's unsuccessful motion to hold NYRA in contempt, the Administrative Proceeding "is a whole new proceeding," for which Plaintiff may, upon its completion, seek judicial review in New York State court pursuant to N.Y. C.P.L.R. Article 78. (*See* Ex. J at 5:1-3; 8:13-9:14); *see also Campo v. New York City Emps.' Ret. Sys.*, 843 F.2d 96, 101 (2d Cir. 1988) ("Article 78 provides the mechanism for challenging a specific decision of a state administrative agency.") (internal quotation marks and citation omitted); *Rios v. Town of Huntington Hous. Auth.*, 853 F. Supp. 2d 330, 340 (E.D.N.Y. 2012) (Spatt, J.) ("It is undisputed that a proceeding under [Article 78] is available to obtain relief in the state courts from an unconstitutional or otherwise unlawful determination of an administrative agency . . . .") (quoting *Vialez v. New York City Hous. Auth.*, 783 F. Supp. 109, 114 (S.D.N.Y. 1991) (Grubin, Mag. J.)). Accordingly, this Court should abstain from hearing Plaintiff's § 1983 claim based on the Administrative Proceeding.

4.     *The Administrative Proceeding Is Not a Final Determination Ripe for Judicial Review.*

Plaintiff's claim with respect to the Administrative Proceeding should also be dismissed on the separate ground that the claim is not ripe. Ripeness is a justiciability doctrine designed to prevent premature adjudication. *Nat'l Pub. Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 807 (2003). A cause of action is not justiciable unless it is ripe; that is, it must present "a real, substantial controversy, not a mere hypothetical question." *AMSAT Cable Ltd. v. Cablevision of Conn. Ltd. P'ship*, 6 F.3d 867, 872 (2d Cir. 1993) (internal quotation marks and citation omitted). The goal "is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements . . . ." *N.Y. Civ. Liberties Union v. Grandeau*, 528 F.3d 122,

130-31 (2d Cir. 2008) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967), *overruled on other grounds by Califano v. Sanders*, 430 U.S. 99, 105 (1977)).

A court's determination to abstain from a case or claim on prudential ripeness grounds requires "a two-step inquiry" which evaluates both (i) "'the fitness of the issues for judicial decision'" and (ii) "'the hardship to the parties of withholding court consideration.'"  *Id.* at 131-32 (quoting *Abbott Labs.*, 387 U.S. at 149).   The former inquiry considers "whether the issues sought to be adjudicated are contingent on future events or may never occur." *Id.* at 132 (quoting *Simmonds*, 326 F.3d at 356-57).  The latter inquiry analyzes "whether and to what extent the parties will endure hardship if decision is withheld," assessing "whether the challenged action creates a direct and immediate dilemma for the parties."  *Id.* at 134 (internal quotation marks and citations omitted).  In this case, the required evaluation compels the conclusion that Plaintiff's claim is not ripe.

Plaintiff's claims are not presently fit for judicial decision.  He is not currently under suspension or any other limitation on his ability to race at the Racetracks.  (*See* Ex. B at 1-2.)  The ultimate outcome of his hearing will be determined by a distinguished jurist and panel, sometime next year.  (Ex. E §§ 10, 16; *see* Greenberg Decl. ¶ 7.)   Plaintiff has already raised in the Administrative Proceeding the same procedural due process and state law claims he seeks to raise before this Court.  (Ex. L at 8-16; *see* Greenberg Decl. ¶ 18.)  Rather than showing any immediate and certain injury, Plaintiff seeks to adjudicate what may or may not happen in the future.  Therefore, rather than speculate as to what may happen based on possible future events, judicial review would benefit from the further development of the Administrative Proceeding.  *See Grandeau*, 528 F.3d at 133 (finding a plaintiff's claim not fit for judicial decision where the claim

"would certainly benefit from additional factual development and is in many ways contingent on future events"). This Court should not entertain Plaintiff's premature action.

Finally, Plaintiff does not allege that he will suffer any hardship from the postponement of judicial action. Nor is he able to establish that he will suffer any hardship by waiting until his claim is fit for judicial resolution. As noted, Plaintiff is not currently subject to any suspension or other limitation that impedes his ability to race at the Racetracks. As a result, his claim should be dismissed.

5. *Plaintiff's Due Process Challenges to the Administrative Proceeding Are Meritless.*

Even if Plaintiff's challenge to the Administrative Proceeding is justiciable (which it is not), as NYRA demonstrated in its opposition to Plaintiff's unsuccessful motion to hold NYRA in contempt, the due process challenges he seeks to raise in the Amended Complaint are meritless.

The Amended Complaint alleges that the notice and opportunity to be heard that NYRA has afforded Plaintiff offends due process because (i) NYRA seeks to enforce new rules and apply them *ex post facto* (Am. Compl. ¶¶ 60-61, 87); (ii) the charges and prohibited conduct are vague or undefined (*id.* ¶¶ 62, 88); (iii) NYRA is targeting Plaintiff by treating him differently than other trainers (*id.* ¶¶ 63, 89); and (iv) NYRA has not followed its procedures by not identifying the proposed penalty sought (*id.* ¶¶ 64, 90). None of these allegations state a cognizable claim.

*First*, Plaintiff incorrectly accuses NYRA of attempting to apply its Hearing Rules and Procedures *ex post facto* against him, notwithstanding that this Court has already held as follows:

> Unlike the summary suspension ordered in the May 17 letter, the September 10 letter does not suspend Baffert without a hearing. September 10th proceedings create a hearing to consider a possible suspension, not to implement one. And unlike the May 17 suspension, the September 10 statement of charges brings with it a full hearing, evidentiary disclosures, the standard of proof, an impartial hearing officer, [and the] right to appeal any decision by the hearing officer to a panel.

(Ex. J at 16:3-16:12.)  By alleging that NYRA seeks to enforce new rules retroactively, Plaintiff conflates the Hearing Rules and Procedures with rules proscribing conduct.  Providing notice of procedures is not an element of due process.  *Cf. Galvin v. N.Y. Racing Ass'n*, 70 F. Supp. 2d 163, 174 (E.D.N.Y. 1998) (Ross, J.) (noting that "due process is flexible" and procedural protections may vary "as the particular situation demands") (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)).  Rather, due process requires only fair notice of prohibited conduct.  *See Fox Television Stations, Inc.*, 567 U.S. at 253.  The Hearing Rules and Procedures proscribe no new rules of conduct.

*Second*, there is no substance to the allegation that NYRA's rules are too vague to form the basis of charges against Plaintiff or that he was not provided fair notice of prohibited conduct. Plaintiff was on notice that his horses were subject to drug testing regimes in Arkansas, California, and Kentucky.  (*See* Am. Compl. Ex. A at 1-2.)  Furthermore, the charges brought against Plaintiff mirror and merely seek to enforce standards[7] and interests[8] that have long been recognized under

---

[7]    *Compare* Ex. D at 10-11 ("NYRA seeks to exercise its reasonable discretionary business judgment to exclude Respondent from entering or stabling horses on the grounds it operates, or any portion of such grounds."), *with Saumell v. N.Y. Racing Ass'n, Inc.*, 58 N.Y.2d 231, 234 (N.Y. 1983) ("The common-law right of . . . NYRA . . . to exclude persons from its premises includes the right when there is reasonable cause to believe a jockey licensed by the New York State Racing and Wagering Board . . . guilty of misconduct to deny him access."); *id.* at 238 (noting that a racetrack proprietor holds a common-law right to exclude licensees provided that the exclusion is in "'the best interest of racing generally' and in the exercise of 'a reasonable discretionary business judgment'") (quoting *Jacobson v. N.Y. Racing Ass'n*, 33 N.Y.2d 144, 150 (N.Y. 1973)); *and* 9 N.Y.C.R.R. § 4022.12 (noting that a steward may exclude from its grounds a licensee who "has been involved in any action detrimental to the best interest of racing generally").

[8]    *Compare* Ex. D at 10-11 (charging Plaintiff with engaging in conduct that "has harmed the reputation and integrity of the sport," that is "detrimental to the health and safety of horses and jockeys," and that impedes NYRA's ability to operate its racetracks "so that its patrons have confidence that the sport is honestly conducted, protecting competitors from the participation in tainted horse races, and safeguarding the wagering public"), *with Casse v. N.Y. State Racing & Wagering Bd.*, 70 N.Y.2d 589, 596 (N.Y. 1987) ("Without question, this State has an important interest in assuring the fairness and integrity of horse racing, . . . in protecting competitors from

-19-

common law.  Moreover, this Court likewise recognized NYRA's authority to exclude licensees from the Racetracks.  (Order at 13-15 (citing the common law right of exclusion from *Saumell* as foreclosing Plaintiff's argument that it lacked legal authority to suspend him).)  To the extent Plaintiff alleges the Statement of Charges or prohibited conduct are too "vague, entirely subjective and have no articulable standards" (Am. Compl. ¶ 88), Plaintiff is incorrect as a matter of law and, in any event, may challenge them and has challenged them in the Administrative Proceedings before the Hearing Officer (Ex. H at 3-6 (arguing in his initial answer to the Statement of Charges that "[t]he statement of [c]harges [f]ails to [c]omply with [d]ue [p]rocess")); Ex. I at 1 (stating the same in an affirmative defense included in his supplemental answer to the Statement of Charges);[9] *see Matter of St. Lucia v. Novello*, 726 N.Y.S.2d 488, 489 (N.Y. App. Div., 3d Dep't 2001) (rejecting contention that the statute and regulation are unconstitutionally vague where they defined professional medical misconduct in general terms — conduct that evidences moral unfitness to practice medicine — because it "provide[s] sufficient warning concerning the manner in which the profession must be practiced") (internal quotation marks and citations omitted).

    *Third*, the Amended Complaint's conclusory allegations that NYRA created its Hearing Rules and Procedures to target him are meritless.  The Hearing Rules and Procedures are of general applicability and are designed to afford the process this Court deemed necessary in its Order.  This is clear on the face of the Hearing Rules and Procedures themselves and is evidenced by the fact

---

participation in tainted horse races and safeguarding the wagering public from fraud," and "protecting horses from the dangers of racing under the effects of analgesics or stimulants.").

[9]    The Court may take judicial notice of the fact that Plaintiff's answer and supplemental answer assert that the Statement of Charges fails to comply with due process.  The fact that Plaintiff's pleadings in the Administrative Proceeding include this assertion "is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  FED. R. EVID. 201(b).

that NYRA has also issued a Notice of Hearing and Statement of Charges to Marcus Vitali in accordance with the same Hearing Rules and Procedures.  (*See* Exs. F, G.)

*Finally*, the allegation that NYRA has not followed its Hearing Rules and Procedures by omitting the penalty sought is unsupported and unsupportable.  The Statement of Charges clearly states that NYRA seeks to exclude Plaintiff from entering or stabling horses on the grounds it operates.  (Ex. D at 10-11.)  Plaintiff's contention that NYRA must state the length of suspension it seeks to impose in the Statement of Charges does not make sense because the full hearing has not yet happened.  If NYRA had proposed a specific duration of suspension in the Statement of Charges, Plaintiff presumably would have argued that such a proposal indicated that the decision to suspend him for that length of time was a *fait accompli.*  Ultimately, the length of a suspension, if any, will be determined by the Panel only after considering the Hearing Officer's recommendation following the conclusion of the hearing.  (Ex. E § 14(b) ("If the Hearing Officer finds that revocation or suspension of the respondent's right to access, or engage in any activity at a NYRA Racetrack is warranted, the Hearing Report shall state the length of time that the revocation or suspension shall be in effect."); *id.* § 16(b).)

In sum, each of Plaintiff's arguments as to the sufficiency of NYRA's process is meritless, and his claim should be dismissed.

## II.    COUNTS I, III, IV, AND V SHOULD BE DISMISSED FOR THE REASONS SET FORTH IN NYRA'S INITIAL BRIEFING.

### A.    Plaintiff's Causes of Action for Injunctive and Declaratory Relief (Counts I and III) Should Be Dismissed.

NYRA hereby incorporates the arguments set forth in Section III of NYRA's Opening Memorandum and Section III of NYRA's Reply.  For those reasons, Plaintiff's causes of action for injunctive and declaratory relief should be dismissed.  Those causes of action also should be

dismissed because they are moot for the same reasons that Plaintiff's claim related to the suspension imposed by the May 17 Letter is moot.  (*See supra* at 9-12.)

      **B.**    **Plaintiff's Tortious Interference Claim (Count IV) Should Be Dismissed Because Plaintiff Fails to Allege Conduct Directed at His Business Relationships.**

NYRA hereby incorporates the arguments set forth in Section I of NYRA's Opening Memorandum and Section I of NYRA's Reply.  In response to those arguments, Plaintiff added several paragraphs of allegations to bolster his tortious interference claim (*see* Am. Compl. ¶¶ 56-57, 99-100).  Although the Amended Complaint now identifies specific business relationships with which NYRA allegedly interfered, the claim must still be dismissed because Plaintiff alleges only conduct by NYRA directed at Plaintiff himself, rather than conduct NYRA directed at Plaintiff's customers or other businesses.  Plaintiff's new allegation that "NYRA knowingly and intentionally directed its public statements about Baffert and any suspension of him to Baffert's clients" (Am. Compl. ¶ 99) is nothing more than a "[t]hreadbare recital[] of the element[] of a cause of action, supported by mere conclusory statements," and as a result, "do[es] not suffice" to state a claim, *Bohnet v. Valley Stream Union Free Sch. Dist. 13*, 30 F. Supp. 3d 174, 179 (E.D.N.Y. 2014) (Hurley, J.) (quoting *Iqbal*, 556 U.S. at 678).

      **C.**    **Plaintiff's Claim for Violation of New York Law (Count V) Should Be Dismissed Because It Ignores New York Law and This Court's Prior Ruling on NYRA's Common Law Right to Exclude.**

NYRA hereby incorporates the arguments set forth in Section II of NYRA's Opening Memorandum and Section II of NYRA's Reply.  For those reasons, Plaintiff's cause of action for violation of New York law should be dismissed.

## **CONCLUSION**

For the foregoing reasons, the Court should grant NYRA's motion and dismiss the Amended Complaint in its entirety and without further leave to amend. Specifically, the Court should dismiss all five counts alleged in the Amended Complaint on the following grounds:

- **Count I:** The Court should dismiss Plaintiff's "cause of action" seeking injunctive relief under Rule 12(b)(1) on the basis that the relief sought is now moot, or alternatively, under Rule 12(b)(6) because a request for injunctive relief is not an independent cause of action.

- **Count II:** The Court should dismiss Count II to the extent it concerns the suspension imposed by the May 17 Letter pursuant to Rule 12(b)(1) because the claim is now moot. To the extent this claim challenges the Administrative Proceeding, the Court should dismiss this claim under Rule 12(b)(1) given Plaintiff's failure to exhaust his administrative remedies in the ongoing Administrative Proceeding, *Younger* abstention, and because the claim is not ripe. Alternatively, the Court should dismiss Count II as it relates to the Administrative Proceeding under Rule 12(b)(6) because Plaintiff's procedural due process challenges fail to state claims upon which relief could be granted. Finally, the Court should dismiss under Rule 12(b)(6) Plaintiff's conclusory attempt at alleging a substantive due process violation.

- **Count III:** The Court should dismiss Plaintiff's "cause of action" seeking a declaratory judgment under Rule 12(b)(1) on the basis that the relief sought is now moot, or alternatively, under Rule 12(b)(6) because a request for declaratory relief is not an independent cause of action.

- **Count IV:**  The Court should dismiss Plaintiff's tortious interference claim under Rule 12(b)(6) because it fails to state a claim upon which relief could be granted given Plaintiff's failure to allege conduct directed at his business relationships.

- **Count V:**  The Court should dismiss Plaintiff's "Violation of New York State Law" claim under Rule 12(b)(6) given Plaintiff's failure to allege a violation of New York law, concerning both the May 17 suspension and ongoing Proceedings.

To the extent claims are dismissed under Rule 12(b)(6), those claims should be dismissed with prejudice.

Dated:   Albany, New York
         December 3, 2021                    Respectfully submitted,


                                             /s/ *Henry M. Greenberg*
                                             Henry M. Greenberg (*greenbergh@gtlaw.com*)
                                             Cynthia L. Neidl (*neidlc@gtlaw.com*)
                                             GREENBERG TRAURIG, LLP
                                             54 State Street, 6th Floor
                                             Albany, New York 12207
                                             Telephone:  (518) 689-1400

                                                     - and -

                                             Ann-Elizabeth Ostrager (*ostragerae@sullcrom.com*)
                                             Harry F. Murphy (*murphyh@sullcrom.com*)
                                             SULLIVAN & CROMWELL LLP
                                             125 Broad Street
                                             New York, New York 10004
                                             Telephone:  (212) 558-4000

                                             *Attorneys for Defendant The New York Racing*
                                             *Association, Inc.*