```
                                                                      1

   UNITED STATES DISTRICT COURT
   EASTERN DISTRICT OF NEW YORK
   ------------------------------x
                                          20-CR-306(NGG)
   UNITED STATES OF AMERICA,
                                          United States Courthouse
            Plaintiff,                    Brooklyn, New York

            -against-                     November 13, 2020
                                          9:00 a.m.
   CHRISTOPHER CHIERCHIO, et al.,

            Defendant.

   ------------------------------x

        TRANSCRIPT OF CRIMINAL CAUSE FOR STATUS CONFERENCE
     ALL PRESENT VIA TELECONFERENCE AND/OR VIDEOCONFERENCE
             BEFORE THE HONORABLE NICHOLAS G. GARAUFIS
                 UNITED STATES SENIOR DISTRICT JUDGE


   APPEARANCES

   For the Government:      UNITED STATES ATTORNEY'S OFFICE
                            Eastern District of New York
                            271 Cadman Plaza East
                            Brooklyn, New York 11201
                            BY:  LINDSAY K. GERDES, ESQ.
                                 ANDREY SPEKTOR, ESQ.
                            Assistant United States Attorneys

   For the Defendant:       GERALD J. McMAHON, ESQ.
   Christopher Chierchio    375 Greenwich Street
                            New York, New York 10013
                            BY:  GERALD J. McMAHON, ESQ., ESQ.


   For the Defendant:       MORVILLO, ABRAMOWITZ, GRAND,
   Jason Kurland            IASON & ANELLO, PC
                            575 Fifth Avenue
                            11th Floor
                            New York, New York 10017
                            BY:  TELEMACHUS P. KASULIS, ESQ.
                                 ANDREW DENNIS DILLON, ESQ.
```

*LINDA D. DANELCZYK, RPR, CSR, CCR*
*Official Court Reporter*

```
1    APPEARANCES (CONTINUED)

2    For the Defendant:      JAMES R. FROCCARO
     Frangesco Russo         20 Vanderventer Avenue
3                            Suite 103W
                             Port Washington, New York 10050
4                            BY:  JAMES R. FROCCARO, ESQ.

5
     For the Defendant:      LAW OFFICE OF KEVIN J. KEATING
6    Francis Smookler        666 Old Country Road
                             Garden City, New York 11530
7                            BY:  KEVIN JAMES KEATING, ESQ.

8

9    Court Reporter:         LINDA D. DANELCZYK, RPR, CSR, CCR
                             Phone:  718-613-2330
10                           Fax:    718-804-2712
                             Email:  LindaDan226@gmail.com
11

12   Proceedings recorded by mechanical stenography.  Transcript
     produced by computer-aided transcription.
13

14                    *    *    *    *    *

15           (In open court; All present via teleconference

16   and/or videoconference.)

17           THE COURTROOM DEPUTY:  Good morning, Judge.

18           THE COURT:  Please call the case.

19           THE COURTROOM DEPUTY:  This is United States versus

20   Chierchio, et al., criminal cause for a status conference.

21           Beginning with the government, please state your

22   appearances for the record.

23           MS. GERDES:  Yes.  Good morning, Your Honor.

24   Lindsay Gerdes for the United States.  And we're also joined

25   by Andrey Spektor on the telephone.
```

PROCEEDINGS 3

```
1              THE COURT:  All right.  Thank you.
2              Christopher Chierchio.
3              Mr. Chierchio, where are you?
4              DEFENDANT CHIERCHIO:  I'm right here.
5              THE COURT:  Just raise your hand so I can see you.
6              (Defendant complies.)
7              THE COURT:  Okay.  Good morning, sir.
8              And counsel?
9              MR. McMAHON:  Good morning, Your Honor.  Gerald
10   McMahon for Mr. Chierchio.
11             THE COURT:  Good morning, Mr. McMahon.
12             Jason Kurland?
13             DEFENDANT KURLAND:  Right here, Your Honor.
14             THE COURT:  Good morning, Mr. Kurland.
15             And counsel?
16             MR. KASULIS:  Yes, Your Honor.  Ted Kasulis and
17   Dennis Dillon for Mr. Kurland.
18             THE COURT:  Frangesco Russo.
19             Mr. Russo, you're on telephone; is that right?
20             DEFENDANT RUSSO:  Yes, Your Honor.
21             THE COURT:  Okay.  Good morning, sir.
22             And counsel?
23             MR. FROCARRO:  Good morning, Judge.  James Froccaro
24   for Mr. Russo.
25             THE COURT:  Good morning, Mr. Froccaro.
```

1           And Francis Smookler.

2           Mr. Smookler?

3           DEFENDANT SMOOKLER: Yes, good morning.

4           THE COURT: Good morning, sir.

5           And counsel?

6           MR. KEATING: Yes, good morning, Your Honor. Kevin
7  Keating for Mr. Smookler.

8           THE COURT: Before we go any further, the rules of
9  criminal procedure have been changed, and so I'm obligated to
10 give a statement to all of you. Please listen carefully. And
11 this is directed at the government.

12          Pursuant to the Federal Rule of Criminal Procedure
13 5(f), I remind the prosecution of its obligation under *Brady v*
14 *Maryland* and its progeny to disclose to the defense all
15 information, whether admissible or not, that is favorable to
16 the defendant, material either to the guilt or to the
17 punishment and known to the prosecution. The prosecution must
18 make good faith efforts to disclose such information to the
19 defense as soon as reasonably possible.

20          I will be entering a written order more fully
21 describing this obligation and possible consequences of
22 failing to meet it, and I direct the prosecution to review and
23 comply with that order.

24          Does the prosecution confirm that it understands its
25 obligations and will fulfill them?

1             MS. GERDES:  Yes, Your Honor, we do.

2             THE COURT:  Okay.  Thank you.

3             I also remind everyone that under Rule 1.8 of the
4    local rules of the Eastern District of New York, it is not
5    permitted to record this proceeding in any way.  Failure to
6    follow that rule could result in sanctions.

7             So with that all having been said, let's move on.

8             Ms. Gerdes, what is the status of this prosecution?

9             MS. GERDES:  Yes, Your Honor.  We are still
10   continuing to produce discovery to the defense.

11            The Court entered a protective order right after the
12   last status conference, and we have since produced to the
13   defense all of the affidavits in this case.  So we're talking
14   about all the wiretap affidavits, the search warrant
15   affidavits, as well as other records and discovery.

16            We're in the process right now of finalizing another
17   discovery production that is going to consist, in large part,
18   of bank records, as well as consensual recordings made in this
19   case.  Much of that is subject to protective order, but we'll
20   make sure that that's clear to the defense attorneys, and that
21   is going to go out next week.

22            You know, I think we're definitely making progress
23   on this case and moving in the right direction, despite the
24   challenges that we're all working under with COVID.

25            And I was in touch with counsel before the status

1  conference, and there's a joint application by the parties for
2  a 60-day adjournment to allow us to continue to produce
3  discovery and for the defense to review it and for the parties
4  to engage in plea negotiations, and both sides will move for
5  an order of excludable delay, if appropriate, so that we can
6  focus on those efforts without the need of getting sidetracked
7  in preparing for trial right now.
8         The government also has an application to designate
9  the case as complex.  This is something we raised with the
10 Court at the last status conference.  I've heard back from
11 three of the four defense counsel on this issue, and all three
12 of them agree that this case should be designated as complex.
13 The only person who I haven't heard back from on that front is
14 Mr. Kasulis, who represents Mr. Kurland.
15         There's a tremendous volume of discovery in this
16 case.  We are talking, you know, I think thousands of hours of
17 wiretap calls, which is covered by thousands of pages of line
18 sheets, a tremendous amount of documentary evidence in this
19 case.
20         We seized approximately 40 electronic devices, and
21 our best estimate is that contains approximately 1.5 terabytes
22 of raw data, and the FBI is finalizing their downloading of
23 that material, and that will be going out to defense counsel
24 once it's uploaded on to a server that can host that amount of
25 discovery, so we would ask the Court to designate this case as

1  complex today.

2  THE COURT:  All right.

3  Mr. Kasulis, do you have a view on that particular
4  question?

5  MR. KASULIS:  Yes, Your Honor.  We have no objection
6  to an exclusion of time for the next 60 days so the government
7  can continue to produce discovery and we can review it and
8  make decisions about how to proceed in the case.

9  I don't understand why there's a need to designate
10 it as complex, given that we are designating each period of
11 time as excludable.  I don't think, notwithstanding the volume
12 here, this is the most complex case in the world, so I think
13 we should just keep excluding time as we've been doing, Your
14 Honor, each occurrence rather than designating the entire case
15 complex now.

16 THE COURT:  All right. I understand that. Perhaps
17 after you've gotten the additional discovery you'll
18 reevaluate, if you wish, your view on that subject.

19 I see no need to do anything more than we're doing
20 right now.  I appreciate everyone's cooperation and attention
21 to the details of this so that we can move it along.

22 So I'm going to -- there being no objection -- does
23 anyone object to the exclusion of time until the next status
24 conference, which I believe we will make, if we're doing 60
25 days, that would be January 15th.

1           Do we have a time, if we're going to try for,
2    Mr. Reccoppa, on January 15th, since we have someone in
3    custody here?
4           THE COURTROOM DEPUTY:  10:30, Judge, if you can.
5    10:30.
6           THE COURT:  All right, 10:30 on Friday,
7    January 15th, for a status conference.
8           Not hearing any objection to the exclusion of time,
9    time is excluded between today and Friday, January 15th, on
10   consent of the parties in the interest of justice for receipt
11   and review of the discovery and any plea negotiations which
12   may be had during that period.
13          If for any reason the parties decide that more time
14   is needed, and they can consent to further exclusion of time
15   for a date beyond January 15th, contact Mr. Reccoppa to set a
16   date, and the Court will consider two things:  One,
17   designating this case as complex; and two, the exclusion of
18   time until the date that is selected.
19          It may be that when you see the discovery, you think
20   that a status conference is premature for January 15th, I'm
21   going to -- you're all experienced and respected criminal
22   defense lawyers, and we're going to try to minimize the
23   unnecessary visits and maximize your ability to conduct the
24   work that you must do in representing your clients.
25          So apart from that, if there is anyone who has

1   anything else for today, if you do, just state who you are so
2   that our abled court reporter, Linda, can properly identify
3   you for the record.
4              Does anyone have anything else for today?
5              All right, not hearing anything, we'll resume at
6   10:30 a.m. on January 15th, 2021.
7              I hope everyone stays safe, wears a mask, maintains
8   social distancing and so forth.
9              Also, I would like to mention that the court is, I
10  understand, considering the possibility that we will not be
11  able to hold any in-courthouse activities if the situation
12  with COVID becomes worse in New York.  So please keep an eye
13  on that for this case and for any other matters that you have
14  in the Eastern District of New York.
15             But apparently because of the spike in positivity
16  and testing, there's a concern that having an in-courthouse
17  related meeting may not be in the interest of anyone's health.
18  So I just ask you to keep an eye on the court's website as to
19  any changes that are made by the court in the next several
20  weeks.
21             Thank you very much.  Everyone have a good day.
22             (Chorus of:  Thank you, Judge.)
23             (Whereupon, the matter was concluded.)
24                   *     *     *     *     *
25

*LINDA D. DANELCZYK, RPR, CSR, CCR*
I certify that the foregoing is a correct transcript from the
record of proceedings in the above-entitled matter.
/s/ Linda D. Danelczyk          January 13, 2021